# H. C. AGNEW et al.

### v.

# A. J. BRALL.

*Filed at Springfield March 28, 1888.*

1. MUNICIPAL CORPORATIONS—*limitation of powers.* A city council in the discharge of its duties must act within the bounds prescribed by its charter, and if it exceeds the powers conferred by the charter, its acts will be nugatory.

2. SAME—*powers as to disposition of corporate property—and the settlement of claims.* A city council, under the general Incorporation law, has no power to squander or give away the funds or property of the incorporation, but all the property within their control, belonging to the corporation, must be honestly applied to the uses and purposes specified in the law relating to the subject. The council has no power to sell or dispose of the corporate property without a consideration, nor has it the right to discharge a debt without payment, which may be held against parties who are solvent and responsible, where no controversy exists as to the validity of the indebtedness.

3. A municipal corporation has the power, however, to settle doubtful and disputed claims against it or in its favor. This power results from the capacity and power of suing and being sued, and to prosecute and defend suits.

4. A judgment in favor of a city is not to be regarded final so long as the defendant therein has the right of appeal; and at any time before the right of appeal expires, the city council may lawfully compromise the case, and settle the claim by the acceptance of a less sum than that of the judgment, and the city will be bound by such settlement.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of McDonough county; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

Mr. GEO. D. TUNNICLIFF, Mr. L. Y. SHERMAN, and Mr. H. C. AGNEW, for the plaintiffs in error:

The city, being a creature of the legislative will, can exercise only such powers as the statute has conferred upon it. Neither the corporation nor any of its officers can do any act,

make any contract or incur any liability not authorized by its organic act, and any act not so authorized is void. Dillon on Mun. Corp. sec. 55; *Cook County* v. *McCrea*, 93 Ill. 236; *Zanone* v. *Mound City,* 103 id. 552; *People* v. *Village of Crotty,* 93 id. 180.

The city may not release a chose in action or judgment in its favor. Const. sec. 25, art. 4; *Petersburg* v. *Mappin,* 14 Ill. 193; *Milhau* v. *Sharp,* 15 Barb. 193; *Sherlock* v. *Village of Winnetka,* 59 Ill. 398; *Allen* v. *Marion,* 11 Allen, 108.

Mr. James M. Blazer, for the defendant in error:

A municipal corporation has authority, through its council, to settle suits. A city "has power to settle disputed claims against it, and an agreement to pay this is not void for want of consideration. If it has obtained a contract which, by mistake or a change of circumstances, it deems to operate oppressively upon the other party, an agreement to make an additional compensation, or to modify or annul it, is not invalid for want of consideration."

Where a city has a judgment from which an appeal is about to be taken, the council may, if done in good faith, cancel the judgment on the payment of costs, and such an agreement, when executed, is binding upon the corporation. Dillon on Mun. Corp. sec. 398, note 4; *Petersburg* v. *Mappin,* 14 Ill. 193.

The law vests the council with discretion in such matters, which it is to exercise for the best interests of the corporation. We think the council of said city has exercised its best judgment in this matter, and thought it to be the best interests of the city to settle this suit in the way in which it did. *Harms* v. *Fitzgerald,* 1 Bradw. 325.

The doctrine of *estoppel in pais* applies to municipal corporations. *Logan County* v. *City of Lincoln,* 81 Ill. 156; *Martel* v. *East St. Louis,* 94 id. 67; *Railroad Co.* v. *City of Joliet,* 79 id. 39; Dillon on Mun. Corp. sec. 533.

314          Agnew *et al. v.* Brall.

Mr. Justice Craig delivered the opinion of the Court:

This was a bill to enjoin the collection of a judgment recovered by the city of Macomb, against A. J. Brall, before a justice of the peace, for the sum of $200. The judgment was rendered on the 20th day of March, 1883, for the violation of a city ordinance. On the third day of the following April, at a meeting of the city council of the city of Macomb, A. J. Brall presented a petition to that body, in which he requested that the judgment be released, upon the payment of $100 and the costs of suit. Upon the presentation of the petition, a motion was adopted by the city council to accept $100 and costs in satisfaction of the judgment, and the mayor was instructed to cancel the judgment on the justice's docket upon receipt of the amount named. After the action of the city council, Brall paid the city $100, which passed into the city treasury. He also paid the costs, but the city attorney claimed that the city council had no right to accept a part of the judgment in satisfaction of the whole, and, disregarding the action of the city council, he sued out an execution, and placed it in the hands of an officer for the purpose of collecting the full amount of the judgment.

The city of Macomb was incorporated under the general Incorporation law of the State, and the city council was clothed with such powers, and only such, as are conferred by the act of incorporation, or such as may be necessary to carry out the powers expressly granted. It is a plain proposition of law, and one well understood, that in the discharge of their duties a city council must act within the bounds prescribed by their charter, and if they exceed the powers conferred by the charter, such acts are nugatory. They have no power to squander or give away the funds or property of the incorporation, but all property within their control, belonging to the incorporation, must be honestly applied to the uses and purposes specified in the act of incorporation. The city council have

no power to sell, or in any manner dispose of, the property of the corporation without consideration, and, in our opinion, they have no right to discharge a debt without payment, which may be held against parties who are solvent and responsible, where no controversy exists in regard to the validity and binding effect of the indebtedness. But a municipal corporation has power to settle disputed claims against it. (Dillon on Mun. Corp. sec. 398.) It may prosecute suits in favor of the corporation, and defend actions brought against it. It may sue and be sued, and the right to settle matters in litigation follows logically from the right to maintain or defend actions. This doctrine is well stated in *Town of Petersburg* v. *Mappin*, 14 Ill. 195, where it is said: "The power to prosecute suits in behalf of the corporation includes the power to settle the same. So the power to defend suits brought against the corporation, gives them the same power of adjustment. They may compromise doubtful controversies to which the corporation is a party, either as plaintiff or defendant."

A proper application of the principle announced, to the case under consideration, must settle and determine the equities of the case in favor of the complainant in the bill, as held in the Appellate Court. It is true that the city had obtained a judgment against Brall, but when he applied for a settlement, he had the right to appeal to the circuit court, where he could have a trial *de novo*, which, in the end, might result adversely to the corporation. At all events, he was entitled to an appeal, and entitled to have another trial. Moreover, it appears, from the evidence, that Brall, after the judgment was obtained, and before the settlement, employed attorneys to appeal from the judgment to the circuit court. He spoke to a person to sign a bond with him. He declared his intention to appeal, and did not appeal, for the reason that the city council agreed to accept $100 in satisfaction of the judgment. Under such circumstances, was the judgment to be regarded as a final, binding obligation,—one with which the city council had no power to

interfere,—or was it in the nature of a pending controversy? We are of opinion that the transaction was one which might be regarded as in the nature of a pending controversy, and, as. such, the city council had the power to settle it. The judg- ment could not be regarded as final while the right of appeal existed in favor of the defendant, and the settlement was made before the time for an appeal had expired. It may be true that the city council did not release a part of the judgment, for the reason that Brall had the right of appeal, and for the purpose of preventing an appeal. But we do not regard that as material. What reason the members of the board may have had, or what they may have said on the subject, is of no consequence. They knew at the time the action was taken, that Brall had the right to appeal, and this fact gave them the right to act, and what they may have said, or what they may have thought, can have no bearing on the question. After the suit was instituted, and before judgment, it is not denied that the city council might have settled the matter in contro- versy with Brall, and if an appeal had been taken, while the case was pending in court that right of settlement would have still existed. This being so, upon what principle can it be said, that while the right of appeal existed the city council was powerless to interfere? We see no reason why the council did not have the same power over the matter after judgment, and before the time for an appeal had expired, as it did before the judgment was rendered before the justice of the peace.

The judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SHOPE took no part in the consideration of this case.