In re Estate of D. D. Smith, Deceased, Porter Smith, et al., Appellants, v. Martha J. Smith, Admx., Appellee.

Appeal: court findings: effect. The finding of court in a proceeding against an administrator to discover assets has, on appeal, the force of a verdict.

Administrators: examinations as to report: exclusion of evidence. Where the objections to an administrator's report and the application for an order to examine the administrator as to estate property, referred only to certain items, the refusal to permit an examination as to other property was not prejudicial, since the order made left the estate still open for further inquiry.

Appeal: review of proceedings. Where the evidence regarding contested items in an administrator's report, upon which a ruling of the court is based, is not set out in the record the appellate court has nothing before it upon which to base a review of the ruling.

Objection to administrator's report: scope of inquiry. It is not error for the court to ignore an objection to the report of an administratrix, touching her management of the real estate, where the report makes no reference to the matter and the estate is left open for further proceedings.

Final report: refusal to approve. It is proper to deny an application for final report and distribution pending an appeal from a ruling on objections to certain items of the administrator's account.

Overruling of objection to administrator's report. The overruling of objections to the second report of an administrator is not reversible error because disclosing an error in the balance carried forward from the first report, where the estate is left open for further reports in which the error may be corrected.

*Appeal from Lee District Court.*— HON. HENRY BANK, JR.,
Judge.

FRIDAY, OCTOBER 19, 1906.

REHEARING DENIED, FRIDAY, JANUARY 18, 1907.

THERE are two appeals, and they are respectively taken
by interested heirs from orders approving ·intermediate re-
ports made by Martha J. Smith, administratrix.    The facts
necessary to be considered are stated in the opinion.— *Af-
firmed.*

*John L. Benbow,* for appellants.

*Herminghausen & Herminghausen,* for appellee.

BISHOP, J.— 1. D. D. Smith, late of Lee county, ·died
in January, 1902, intestate, and without issue.    His widow,
Martha J. Smith, was appointed and qualified as adminis-
tratrix of his estate.    In due time she filed an inventory of
the nonexempt personal property coming into her hands,
which disclosed, among other things, a note against one
Sandrock for $475, secured by a recorded mortgage on real
estate.    Subsequently, said administratrix filed her first re-
port showing a cash balance on hand of $323.23.    To this
there was a supplementary report showing further cash col-
lected in the sum of $226.    The balance on hand was, there-
fore, the sum of $549.23.    In the closing paragraph of the
report she represented that the Sandrock note inventoried
by her should not have been counted as an asset of the
estate as such note represented moneys belonging to her and
was her sole property.    To such report Porter Smith and
all the other collateral heirs of the deceased united in filing
objections, those necessary to be noted being as follows:    (1)
The report makes no account of a note for $250 against one
Auwaerter, part of the assets of the estate.    (2)  The report

makes no account of the note against Sandrock included in the inventory, and the administratrix now claims said note as her own property. This was followed by an application on behalf of the heirs setting up the failure of the administratrix to account for the Auwaerter note, and calling attention to that part of her report in which she claims to be the owner of the Sandrock note inventoried by her. It was prayed that Mrs. Smith be required to produce such notes in court, and that she be ordered to account to the estate therefor. By writing filed, Mrs. Smith, for herself individually and as administratrix, answered the objections. In such writing she asserted that the Auwaerter note referred to was given in lieu of a prior note in which she was named as payee and which was her sole property; that the renewal note, being the one in existence at the time of the death of her husband, was taken by him in his own name without her knowledge and consent; that the Sandrock note was taken by her husband in his own name, but that the money loaned was her individual property, and the note was so taken by her husband without her knowledge and consent. Thereafter the heirs filed what is termed a plea in abatement, the terms of which it will not be necessary to notice further than that in the prayer the plaintiffs ask that they " may be permitted to represent the estate as against any claims made by Martha J. Smith." In this state of the record a hearing was had. On such hearing, Mrs. Smith was called to the witness stand and examined in behalf of the heirs and in her own behalf. There was also brought forward other evidence in behalf of each of the parties. At the close of the hearing, the court made and entered a finding and order to the effect that the notes in dispute were not part of the assets of the estate, but were the individual property of Mrs. Smith. It was from the order thus made that the first appeal was taken.

Counsel for appellant in argument treat the proceedings as an application to require the administratrix to account for

personal property coming into her hands, and to discover assets generally. As all the parties in interest were before the court, and as the merits of the controversy respecting the ownership of the Auwaerter and Sandrock notes was apparently gone into as fully as desired, we have no occasion to discuss the question whether or not the form of proceedings adopted was in all respects proper. Without stopping to set it out, we think it must be said that there was competent evidence tending to show that the notes in question had always been in the possession of Mrs. Smith and were in fact her property. And this is so notwithstanding she had inventoried the Sandrock note as an asset of the estate. In explanation of her inventory, she testified that she was advised by her attorneys to include that note for the reason that, being secured by mortgage on real estate, she would be in position to execute a release or satisfaction of such mortgage on payment being made. The court found that she was entitled to the notes as her individual property, and by such findings we are bound as by the verdict of a jury.

1. APPEAL: court findings: effect.

While on the witness stand, Mrs. Smith was interrogated as to whether or not any other property of her husband's came into her hands as administratrix aside from the two notes in controversy. An objection to the question was sustained, and thereof appellants complain as error. Treating the proceeding as one to discover assets generally, and assuming that it was intended by the question to exclude property inventoried and reported, we think an answer may well have been allowed. But the objections to the report, and the application for an order for examination, made reference to no other property than the two notes, and the court evidently thought an exploration in general was not involved in the issue. However this may be, the ruling was not so far prejudicial as to require a reversal. The estate is still open and the order made does not preclude the heirs from having a fur-

2. ADMINISTRATORS: examination of reports: exclusion of evidence.

ther examination as to other property not reported upon reasonable showing therefor.

II. Coming to the second appeal, it appears that in November, 1905, the administratrix filed her second intermediate report. Therein she reports the balance carried over from the former report as $323.23. As against this balance she takes credit for attorney fees paid out, $100; court costs, $3.50; her statutory commission for ordinary services, $37.70, and an allowance for extraordinary services, $35; leaving a balance on hand of $147.03. It is recited in the report that one claim against the estate was litigated, and reference is made to the contest over the ownership of the Auwaerter and Sandrock notes. In explanation of the item of attorney fees, it is said that her attorneys had acted for her in all matters pertaining to the estate, including contested matters. Objections to the report were filed by the heirs in respect of the attorney fee and the extra service items. There was also an objection having relation to the conduct of the administratrix in respect of her control and management of the real estate. In an order overruling the objections it is recited that evidence was taken with reference to the disputed items, but such evidence is not set out in the record. Accordingly we cannot tell upon what the court acted, and there is nothing before us which is subject to review.

3. APPEAL: review of proceedings.

The court ignored the objection having reference to the real estate, and in this there was no error. The report did not touch upon that subject, and, as the estate is still open, the heirs, if entitled at all, have a remedy in some other form.

4. OBJECTION TO ADMINISTRATOR'S REPORT: scope of inquiry.

An application was also made for an order requiring a final report and for distribution, and this was overruled. It is plain that, pending the disposition of the first appeal treated of in this opinion, there can be no final report, and hence there was no error in the ruling.

5. FINAL REPORT: refusal to approve.

It is suggested for the first time in this court that the several reports are in conflict in that the first shows a balance on hand of $549.23 while the amount carried over into the second report is only $323.23. This was evidently an error, but as already stated the court below still has jurisdiction over the estate, and the administratrix may be required to correct such error in making her final report.

**6. OVERRULING OF OBJECTION TO ADMINISTRATOR'S REPORT.**

There is no reversible error in the record, and the orders appealed from are respectively *affirmed*.