CARL TENNIS v. W. R. GIFFORD, Appellant.

**Acknowledgments:** SUFFICIENCY. The acknowledgment of a chattel mortgage is not rendered insufficient by omitting therefrom the name of the grantor.

**Sales:** BREACH OF WARRANTY: EVIDENCE. In an action for breach of warranty of title in the sale of a horse, reference to a judgment in favor of a third party for breach of an implied warranty in a former sale of the same animal which plaintiff paid to protect his title, was proper as showing the connection between defendant's breach and plaintiff's damages, where the jury was limited to a consideration of the judgment in connection with plaintiff's evidence that he had paid the same.

**Measure of damages.** In an action for breach of warranty in the sale of personal property the plaintiff can only recover his actual damage not exceeding the value of the property at the time of purchase.

*Appeal from Woodbury District Court.*— HON. GEORGE W. WAKEFIELD, Judge.

THURSDAY, FEBRUARY 14, 1907.

ACTION to recover damages for breach of implied warranty of title in the sale of a mare. Verdict and judg-

ment for plaintiff. Both parties appeal, but, as defendant's appeal was first perfected, he will be treated as appellant.— *Affirmed* on both appeals.

*R. H. Brown,* for appellant.

*Pritchard & Newby,* for appellee.

McCLAIN, J.— Defendant, having bought the mare in question from one Lentz, traded her to plaintiff, who thereupon sold her to one Brown, by whom she was in turn transferred to one Olson. Thereafter it appears that one Sanders, or some person claiming under him, took the animal from Olson under a chattel mortgage executed by Lentz while he was the owner of the mare, prior to the transfer to defendant. Olson got a judgment against Brown for damages on account of breach of implied warranty in the transfer as between them, and plaintiff, to protect himself against Brown, paid off the judgment in favor of Olson in the sum of $88 damages, and about $45 costs. Plaintiff then instituted this action against defendant to recover damages for breach of implied warranty of title, seeking to recover the amount which he had paid to Brown.

I. On defendant's appeal it is contended that the acknowledgment of the chattel mortgage which was duly recorded in another county, where Lentz resided when the mortgage was given, was insufficient because the name of the party acknowledging is left blank. But the point is ruled against appellant in *Milner v. Nelson,* 86 Iowa, 452.

1. ACKNOWLEDG-
MENTS:
sufficiency.

Complaint is also made of the action of the court in allowing plaintiff to plead, prove, and rely upon the judgment in the case of Olson against Brown. But from the instructions it appears that the jury were allowed to consider this judgment only in connection with the evidence of plaintiff that he had paid the

2. SALES: breach
of warranty:
evidence.

amount thereof to Brown in extinguishment of Brown's claim against him on account of the defect in title in the mare, due to the chattel mortgage. The judgment was admissible, therefore, as showing the connection between defendant's breach of implied convenant and plaintiff's damage. So far as we can discover from the record, the judgment itself, in the case of Olson against Brown, was not introduced in evidence, but appellant's objection is to the fact that plaintiff was allowed to refer thereto in his testimony as a witness. In this there could have been no prejudicial error.

Insufficiency of the evidence to identify the animal described in the mortgage with the one sold by defendant to plaintiff is also complained of, but we think there was sufficient evidence to go to the jury on this question. There was also sufficient evidence to show that the mortgage was unpaid.

II. The complaint made on plaintiff's appeal is as to the action of the court in not directing the jury that plaintiff was entitled to recover the entire amount which he paid

3. MEASURE OF DAMAGES.

to Brown, and in fixing plaintiff's measure of damages as the actual value of the animal at the time of the purchase. In this there was no error. The defendant in this action was not a party to the suit of Olson against Brown, and therefore the judgment was not binding upon him. Indeed, plaintiff himself, though originally made a party to that suit, had been dismissed therefrom before trial and judgment. The rule recognized in *Alexander v. Staley,* 110 Iowa, 607, that the covenantor in a deed of conveyance of real property with warranty may be liable to his covenantee for expenses and attorney's fees in defending against an incumbrance, has no application in an action like this brought simply to recover damages for a breach of implied warranty of title in the sale of personal property. What plaintiff is entitled to recover is the damage he has suffered, which certainly cannot exceed the value of the

property at the time of the purchase. He has no right at the expense of his vendor to run up a bill of costs, which may far exceed the sum paid by him for the property. At any rate, the defendant is not bound by a judgment in an action to which he is not a party.

No error appearing in the record, the judgment is *affirmed* on both appeals.