IN RE ESTATE OF J. ROSS LEE.

No. 47360.

(Reported in 37 N. W. 2d 296)

MAY 3, 1949.

Havner & Powers, of Des Moines, and F. A. Ontjes, of Mason City, for appellants.

Hoersch & Harbeck and Cook, Blair & Balluff, all of Davenport, for D'Elda Lee, executrix of the estate of J. Ross Lee, and for the estate of J. Ross Lee, resistor-appellee.

GARFIELD, J.—This appeal involves the propriety of a probate order authorizing distribution of a decedent's estate to legatees during pendency of an appeal to this court from a decree disallowing the claim of objectors as creditors of the estate.

In 1943, objectors herein, Des Moines Bank & Trust Company, special administrator, and others, brought suit in equity in the district court of Appanoose County to recover a sum in excess of $3,000,000 from J. Ross Lee and others, and for other relief. In August 1946 while the action was pending Mr. Lee died, his will was probated, his widow appointed executrix and as such substituted as a defendant in the suit. Trial of the action resulted in a decree for defendants on May 25, 1948. Within about ten days plaintiffs in that suit appealed from the decree to this court where the appeal is still pending.

After the above decree was entered the executrix proposed to file final report and distribute the estate to the legatees. Aside from two legacies which total $16,000 the entire estate, shown by the inventory to be of the estimated value of nearly $284,000 irrespective of debts, is bequeathed to the widow. Plaintiffs in the Appanoose County suit filed objections, based on the pendency

of their appeal, to the proposal of the executrix. The objections were submitted to the district court of Scott County in probate, where the estate of J. Ross Lee is pending, on the so-called pleadings and files in the estate and oral arguments and written briefs of counsel.

On September 1, 1948, the objections were overruled and the executrix was authorized to make final report and distribute the estate to the beneficiaries under the will. Pursuant to rule 332, Rules of Civil Procedure, we granted an appeal from such order and directed that pending the appeal the estate be not closed or distributed unless the distributee shall give bond, ample in security and amount, conditioned upon the return of any amount received if required for payment of debts.

Section 635.63, Code, 1946, states: "Actions pending against the decedent at the time of his death may be prosecuted to judgment, his executor or administrator being substituted as defendant, and any judgment rendered therein shall be placed in the catalogue of established claims * * *."

The substitution of the executrix as a defendant in the Appanoose County suit, pursuant to this statute, gave plaintiffs in that action (objectors herein) the status of one who had filed claim against the estate within six months after notice of appointment of executrix. (See Code section 635.66.) Such is the effect of Marion County Natl. Bk. v. Smith, 205 Iowa 203, 206, 207, 217 N.W. 857.

Code sections 635.73 et seq. provide:

"635.73 Delivery of specific legacies—security. Specific legacies of property may by the court be turned over to the legatees at any time upon their giving unquestionable security * * * to restore the property or refund the amount at which it was appraised, if wanted for the payment of debts.

"635.74 Money. Legacies payable in money may be paid on like terms, whenever the executors possess the means which can be thus used without prejudice to the interest of any claim already filed.

"635.75 Legacies—payment after six months. After the expiration of the six months allowed for filing claims, such legacies may be paid without requiring the security provided for in

sections 635.73 and 635.74, if means are retained to pay off all the .claims proved or pending."

. The order appealed from makes no provision for the giving of security by the legatees. Apparently the widow is unwilling or unable to give such security since objectors concede distribution could be made upon the giving of unquestionable security. Objectors contend that unless such security is given distribution cannot now be made, in view of section 635.75 above quoted, because their claim now on appeal to this court is still "pending." The executrix apparently concedes distribution cannot be made if objectors' claim in the Appanoose County action is still pending. She argues, however, a claim is no longer pending when it has been disallowed by the trial court even though an appeal, yet undisposed of, has been taken from such disallowance.

It does seem, as the parties apparently agree, the only statutory authorization for payment of legacies without the giving of security by the legatees, even after the six months for filing claims, is conditioned upon retention of means "to pay off all the claims proved or pending." Retention by the executrix of means to pay off objectors' claim here would of course prevent any distribution at this time since the claim greatly exceeds the value of the estate. We think objectors' claim, though not proved, is nevertheless pending within the contemplation of section 635.75 and the order appealed from is therefore erroneous.

An appeal, especially in an equity suit where review is de novo, is not the commencement of a new proceeding but a continuation of the original suit or a step therein. Mackenzie v. Engelhard & Sons Co., 266 U. S. 131, 142, 143, 45 S. Ct. 68, 69, 69 L. Ed. 205, 209, 36 A.L.R. 416, 420; 4 C.J.S., Appeal and Error, section 20b, page 89; 2 Am. Jur., Appeal and Error, section 4.

There is much authority that an action is pending until an appeal therein is disposed of. In Mills County v. The B. & M. R.R. Co., 47 Iowa 66, 70, 71, a case of much importance involving certain swamp lands had been tried and decided in the district court and affirmed upon appeal to this court. We held the action was still pending and therefore subject to compromise

by the county after affirmance by us because an appeal had been taken to the United States Supreme Court. The opinion states:

"It is not, therefore, for us to say that the land was swamp land. The fact that it was so held by this court was not conclusive. The question was still an open one, and the agreement for a settlement made while the case was pending in the Supreme Court of the United States was virtually an agreement that the question should remain an open one forever. * * *

"Great stress is laid upon the fact that at the time of the compromise there had been an adjudication in favor of the county, not only by the District Court, but by this court. *So long, however, as the action was still pending, it was as much the proper subject of compromise as if no decision had been made.*" (Italics added.)

In Mackenzie v. Engelhard & Sons Co., supra, it is said, "An appeal is a proceeding in the original cause and the suit is pending until the appeal is disposed of." And from Oakman v. City of Eveleth, 163 Minn. 100, 102, 203 N.W. 514, 515:

"The fact that judgment was entered in the lower court from which an appeal has been taken does not exclude them from the field of pending litigation. * * * Mills County v. Burlington & M. R. Co., 47 Iowa, 66; * * * Litigation is pending in the lower court after judgment is entered until time for appeal has expired when its correctness is not conceded. [Citation.]"

Other decisions of like effect include Agnew v. Brall, 124 Ill. 312, 16 N.E. 230; Berlandi v. Commonwealth, 314 Mass. 424, 50 N.E. 2d 210, 219; Brasch v. Brasch, 50 Neb. 73, 69 N.W. 392; In re Egan, 24 S.D. 301, 123 N.W. 478, 488; United States v. Claus, D.C.N.Y., 5 F.R.D. 278, 280; Mexico Refractories Co. v. Pignet's Estate, Mo. Sup., 161 S.W. 2d 417, 419.

In California, Utah and perhaps other states a statute provides that an action is deemed pending until its final determination upon appeal or until time for appeal has passed unless the judgment is sooner satisfied. See Pacific Gas & Electric Co. v. Nakano, 12 Cal. 2d 711, 87 P. 2d 700, 121 A.L.R. 417, 419; Sweetser v. Fox, 43 Utah 40, 46, 134 P. 599, 601, 47 L.R.A.,

N.S., 145, 148, Ann. Cas. 1916C 620, 622, which holds the statute is declaratory of existing law rather than the creation of a new rule.

1 Am. Jur., Actions, section 64, states:

"While it has been said that a judgment, unless set aside or reversed, marks the end of the controversy, yet the rendition of judgment in a court of first instance does not terminate the pendency of the action. An action may be deemed pending after judgment has been rendered provided * * * an appeal is being taken * * *."

And from 1 C.J.S., Actions, section 142:

"An action is pending * * * until its final termination * * * and it has been said that an action remains pending so long as it is still open to modification, appeal, or rehearing and until final judgment is rendered."

See also note, Ann. Cas. 1912A 843, 845, where it is stated, "Moreover an action is pending until its final determination upon appeal * * *."

In re Estate of Smith, 133 Iowa 142, 146, 109 N.W. 196, holds it was proper to deny an application for an order requiring a final report and for distribution pending disposition of an appeal from an order, following a contested hearing, that certain promissory notes were not assets of the estate but belonged to the widow individually.

It is scarcely necessary to refer to the fact that in the distribution of a decedent's estate the rights of creditors are superior to those of heirs or legatees. Code section 635.66; In re Estate of Gable, 79 Iowa 178, 182, 44 N. W. 352, 9 L. R. A. 218; 21 Am. Jur., Executors and Administrators, section 390; 34 C. J. S., Executors and Administrators, section 484. Indeed the will here provides that testator's debts be first paid. Our construction of Code sections 635.73 et seq. is consistent with this priority of rights of creditors.

The executor has cited no authorities in support of her contention objectors' claim was no longer pending upon its disallowance by the trial court. In resistance to another argument

for reversal advanced by objectors, which we find it unnecessary to consider, the executrix has cited some of our decisions to the effect that a judgment of the district court is conclusive and final until set aside upon appeal. See Hewitt v. Hawkeye Casualty Co., 212 Iowa 316, 322–325, 232 N.W. 835, and citations; Shaw v. Addison, 236 Iowa 720, 727, 728, 18 N.W. 2d 796, 800, and citations.

■ It is of course true that for purposes of appeal, as a basis for a plea of res adjudicata (according to our Iowa decisions) and for other purposes a judgment of the district court from which an appeal has been taken is final and conclusive. It may be conceded it is final and conclusive for all purposes until set aside on appeal. Indeed a judgment is defined as "Every final adjudication of any of the rights of the parties in an action * * *." Rule 219, Rules of Civil Procedure. See also Whittier v. Whittier, 237 Iowa 655, 662, 23 N.W. 2d 435, 440.

But we think these authorities cited by the executrix do not reach the question before us upon the construction of Code sections 635.73 et seq. Nor does the executrix contend they do. As she concedes, the construction of these statutes narrows down to what is meant by claims that are pending.

The executrix argues that where a party is defeated in a claim against a living defendant the latter is free to dispose of his property in the absence of attachment, injunction or other somewhat extraordinary remedy and that she should likewise be free to make distribution here. It is a sufficient answer to the argument that section 635.75 in effect provides otherwise.

■ But the argument of the executrix is not persuasive in any event. The executrix admits she could make no distribution until judgment was rendered in Appanoose County. She thus concedes a fundamental distinction between a claim against a decedent's estate and one against a living defendant who is ordinarily free at all times during pendency of the action to dispose of his property so long as he does not act fraudulently. Property of a decedent in the hands of his executrix prior to settlement of the estate is in custodia legis for distribution as provided by statute. This of course is not ordinarily the situation as to the property of a living defendant.

The executrix concedes the estate should be kept open and she should not be discharged until determination of the appeal in the Appanoose County action. We think distribution should be withheld until such time..

Perhaps it is well to add it is not claimed objectors have delayed prosecuting their appeal from the judgment in Appanoose County.—Reversed.

All JUSTICES concur except MANTZ, J., not sitting.