JESSIE WEAVER, appellant, v. CARROLL H. PERKINS et al., appellees.

No. 47818.

(Reported in 47 N.W.2d 240)

APRIL 4, 1951.

REHEARING DENIED JUNE 8, 1951.

R. Brown and Arnold Kenyon, both of Creston, and Cudahy & Wilcox, of Jefferson, for appellant.

O. W. Harris and Wm. C. Hanson, both of Jefferson, for appellees.

HAYS, J.—This is an action to quiet title to certain described real estate and is the culmination of litigation extending from 1936. Plaintiff claims to be the owner thereof and asserts that the record title of defendant Carroll H. Perkins, which is based upon a sheriff's deed executed in April 1938 and confirmed in an action to quiet title April 8, 1939, is void. The trial court held otherwise, quieted the title in Perkins and dismissed plaintiff's petition. Plaintiff appeals.

Two propositions are urged as a basis for a reversal. It is claimed that at the time of the execution of the sheriff's deed and the action to quiet title, the property in question was under the jurisdiction of the bankruptcy court; that the state courts were without jurisdiction and any decrees entered were void. It is further claimed that the trial court should have decreed a constructive trust for the benefit of appellant and quieted the title in her.

Appellee asserts the validity of the decree quieting title and pleads prior adjudication, statute of limitations and former adjudication as a basis for an affirmance of the lower court.

A brief summation of the prior litigation is necessary. On April 16, 1936, the Jefferson State Bank, holder of a mortgage on the premises, commenced a foreclosure action in the district court of Greene County. Appellant, Jessie Weaver, held record title. In September 1936, appellant filed a petition in bankruptcy (section 75 of the National Bankruptcy Act) which was dismissed by the Federal District Court on February 6, 1937. March 11, 1937, judgment and decree was entered in the foreclosure action. April 10, 1937, a petition to reinstate the bankruptcy action was filed and on April 13, 1937, the real estate was sold under special exe-

cution to appellee Carroll H. Perkins. May 15, 1937, the petition to reinstate in bankruptcy was overruled and confirmed by the Circuit Court of Appeals on August 24, 1937. No further appeal was taken. April 14, 1938, a sheriff's deed was issued to Carroll H. Perkins. February 1, 1939, a new petition in bankruptcy was filed. On February 23, 1939, Perkins filed an action to quiet title, based upon the sheriff's deed, in which action Jessie Weaver was a defendant. March 9, 1939, the petition in bankruptcy was dismissed by the commissioner and confirmed in the Federal court on April 8, 1939. On the same date a decree quieting the title in Perkins was entered. April 20, 1939, Jessie Weaver filed in Federal court a waiver and withdrawal of all exceptions to the order entered in Federal court on April 8, and waived all right to further appeal thereon. On the same date there was filed in the state court a stipulation of settlement, and a consent order in this court confirmed the title in Perkins. This case was commenced February 11, 1950.

I. Was the state court without jurisdiction to enter the decree on April 8, 1939, as alleged by appellant? We think not. Appellant contends that not only was the state court without jurisdiction, but also that the United States District Court and Circuit Court of Appeals committed error in their holdings that she was not entitled to the benefits of the Bankruptcy Act. Many cases purportedly so holding are cited. Whether those rulings are correct or incorrect does not concern us, as we do not presume to act as a court of review over the Federal courts in matters that are exclusively in their jurisdiction. Under the view that we take of the instant case it is immaterial what may have occurred in the Federal courts.

Under chapter 649, Code of 1950, the district court of Greene County had jurisdiction of the subject matter of the instant action. On March 3, 1939, the defendants therein (appellant was a defendant) answered and the court thereby obtained jurisdiction over the person. It was the law then, as it is now, that "Every defense in bar or abatement, or to the jurisdiction after a general appearance, shall be made in the answer or reply." Rule 103, Rules of Civil Procedure. If the real estate in question was under the jurisdiction of the bankruptcy court it was because of the

petition filed February 1, 1939. The action to quiet title was not commenced until February 23, 1939, and thus it was incumbent upon the defendant to plead the bankruptcy proceedings. Such may have been done, as we do not have the pleadings in that case before us, but whether or not, the decree there entered adjudicates every issue raised, and every issue existing and which might have been there litigated, until set aside on appeal. In re Estate of Lee, 240 Iowa 691, 37 N.W.2d 296. An appeal to this court was taken, and on April 20, 1939 a consent order was entered in which the decree of the district court was affirmed in every detail.

In the instant case appellant's cause of action is not based upon adverse possession, but upon the questions above set forth, and which were involved in the earlier action to quiet title. Appellee pleaded res judicata, together with estoppel and the statute of limitations. The plea was good, and the court so held. In re Estate of Ramsay, 240 Iowa 50, 35 N.W.2d 651; State v. Thompson, 241 Iowa 16, 39 N.W.2d 637.

II. Appellant further contends that the trial court erred in not finding a constructive trust in the property and directing that it be given to her. This is upon the theory that nothing was paid therefore by appellee. The amount of the mortgage was for approximately $32,000, but appellant states that during the time that appellee has had possession of the premises the rentals have more than repaid this sum. No evidence to this effect (assuming it to be competent) was offered, but, as stated by appellant, it is a matter of which we will take judicial notice that equity and good conscience demand the return of the property to the appellant. There is no merit to this claim and we will not spend further time thereon.

Finding no error the judgment and decree of the trial court should be and is affirmed.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.