JOHN O. OLSON, appellee, v. FRANK A. BARNICK, appellant.

No. 48395.

(Reported in 61 N.W.2d 733)

December 15, 1953.

Raymond S. Hill and Kindig & Beebe, all of Sioux City, for appellant.

Huff & Crary, of Sioux City, for appellee.

OLIVER, J.—January 30, 1952, defendant and plaintiff executed a contract, Exhibit B, on a printed form, for the sale by defendant to plaintiff of an apartment building in Sioux City, together with itemized furniture and equipment therein, for $55,000, of which $10,000 was then paid. The contract provides the remainder, with interest at 4½%, shall be paid at the rate of $300 per month. It contains a forfeiture clause and recites that, upon full performance by buyer, seller will convey the property to him. Plaintiff took possession of the property February 1, 1952. Thereafter he instituted this action at law, alleging:

(1) After the contract was made plaintiff learned six refrigerators included in the sale were subject to conditional sales contracts, Exhibits 4 to 9 inclusive, made in 1950 between the refrigerator dealer and defendant. Plaintiff was required to pay the dealer the unpaid balance of $612.99, to plaintiff's damage in said amount.

(2) Defendant wrongfully removed from the premises and converted furniture valued at $290.

(3) Defendant continued to occupy an apartment and owed plaintiff $38.12 for rent thereof.

Plaintiff prayed judgment for $941.11. Trial to a jury resulted in verdict and judgment against defendant for $853.11. Hence, this appeal.

I. The first error assigned is: "The Court erred in failing to direct a verdict for the defendant for the amounts paid by plaintiff on conditional sales contracts on refrigerators, for the reason that the contract between the parties contemplated that the defendant had no obligation to remove liens from the property until the contract balance had been paid down to amount of liens."

Plaintiff testified he did not know of the conditional sales contracts on the refrigerators (Exhibits 4 to 9) until February 8; he then asked defendant to pay them; defendant stated he would not pay them; plaintiff paid the remaining installments, totaling $612.99, as the same fell due "because I did not want them (the refrigerators) taken out of the apartment", by the dealer under the conditional sales contracts.

Defendant's brief refers to paragraph 13 of Exhibit B which authorizes the mortgaging of the premises by buyer for the purpose of paying the balance of the purchase price and paragraph 14 which permits seller to mortgage the premises. Neither of these paragraphs is here applicable. They do not refer to incumbrances which were outstanding when Exhibit B was executed, as were these conditional sales contracts. Nor does paragraph 14 permit incumbrances not disclosed to buyer or require buyer to pay such incumbrances.

The printed part of Exhibit B which concerns outstanding mortgage incumbrances is paragraph 6. The blanks in paragraph 6 were filled in to list only a certain contract on the premises from parties named Maclay, which, it states, seller agrees to discharge. Neither in paragraph 6 nor elsewhere in Exhibit B is reference made to the conditional sales contracts here in question. Nothing in Exhibit B gives defendant the right to shift this obligation to plaintiff.

Defendant relies largely upon paragraph 12 of Exhibit B, which provides, upon payment in full by buyer, seller will convey the property to buyer by a good and sufficient bill of sale and warranty deed. It is argued the provisions of the contract do not require him to remove any liens until the contract balance of $45,000, with interest, is paid down to the amount of the liens, which, if plaintiff pays only $300 per month, will not occur for more than eighteen years. This argument overlooks paragraph 17, which provides:

"If seller fails to pay any mortgage, referred to in Paragraphs 6 and 14, according to its terms, buyer may pay such mortgage according to its terms and receive credit therefor on payments due under this contract."

■ Had defendant not failed to list in Exhibit B the conditional sales contracts on the refrigerators, their payment by him, as they fell due, would have been required by the language of Exhibit B. It is clear he may not properly contend his wrongful failure to list them would give him the right (as to plaintiff) to withhold payments thereon for many years after the same fell due. There is no language in Exhibit B which would entitle defendant to a directed verdict as to this item, on the ground presented by him.

Section 554.14, Code of Iowa, 1950, which is section 13 of the Uniform Sales Act, provides in part:

"Implied warranties of title. In a contract to sell or a sale, unless contrary intention appears, there is:
"* * *.
"3. An implied warranty that the goods shall be free at the time of the sale from any charge or encumbrance in favor of any third person not declared or known to the buyer before or at the time when the contract or sale is made."

■ In the case at bar the validity and priority of the conditional sales contracts are admitted. Such incumbrances, if not declared or known to the buyer, would constitute a breach of the implied warranty of title. And the subsequent refusal of the seller to pay the incumbrances could be treated by the buyer as a renunciation of the contract. However, the buyer could elect to continue to assert his contract rights and could prevent the loss of the incumbered property by paying the installments of the conditional sales contracts as the same fell due. Danico v. Ford, 230 Iowa 1237–1244, 300 N.W. 547, 550. Upon making such payments he could maintain action against the seller to recover the amount thus paid as damages for breach of warranty of title. See Tennis v. Gifford, 133 Iowa 372, 110 N.W. 586. Hence, the court did not err in overruling defendant's motion for directed verdict as to the $612.99 paid by plaintiff, on the ground the action had not accrued.

■ Furthermore, rule 103, Rules of Civil Procedure, provides every defense in bar or abatement shall be made in the answer. In this case defendant did not plead the action to recover the payments was brought prematurely or that it would not ac-

crue until the amount due on Exhibit B had been reduced to the amount of the prior liens. Therefore, there was no basis for this ground of his motion for directed verdict. Music v. DeLong, 209 Iowa 1068, 1074, 229 N.W. 673; Vanderwilt v. Broerman, 201 Iowa 1107, 1113, 206 N.W. 959; Weaver v. Perkins, 242 Iowa 907, 909, 910, 47 N.W.2d 240, 242.

■■ II. Defendant assigns error to the overruling of his motion for directed verdict upon the $290 claim of plaintiff for conversion of furniture, and also upon the item for rent. Defendant's motion for directed verdict upon those issues was made at the close of plaintiff's case and was not renewed at the close of all the evidence. Hence, any errors in the ruling were waived. Smith v. Pine, 234 Iowa 256, 268, 12 N.W.2d 236; Newton National Bank v. Strand Baking Co., 224 Iowa 536, 543, 277 N.W. 491, and cases cited. However, neither of these two assignments of error was well founded. In each the evidence was sufficient to require the submission of the question to the jury.— Affirmed.

All JUSTICES concur.