The People of the State of New York, Respondent, *v.* Wallace and Company, Appellant.

Argued March 7, 1940; decided April 16, 1940.

*Joseph M. Lonergan* for appellant. Defendant did not keep the canned grapes for sale. Mere possession is not sufficient. (*People* v. *Timmerman,* 79 App. Div. 565; 179 N. Y. 550; *People* v. *McDermott,* 126 N. Y. Supp. 1141; *People* v. *Capone, Inc.,* 254 App. Div. 235; *People* v. *Foremost Butter & Egg Corp.,* 239 App. Div. 773; *People* v. *Woolworth Co.,* 246 App. Div. 838; 250 App. Div. 864; *People* v. *Williams, Inc.,* 172 App. Div. 68; *People [Levinson]* v. *Waldorf System, Inc.,* 257 App. Div. 626; *People* v.

*Soiefer Farms, Inc.*, 251 App. Div. 174; *Bell* v. *Moen's Asphaltic Cement Co.*, 32 App. Div. 362; *People* v. *Sommer*, 55 Misc. Rep. 55; *People* v. *Friedman*, 132 App. Div. 61.) The regulation as interpreted is not reasonable. (*People ex rel. Knoblauch* v. *Warden*, 216 N. Y. 154.)

*William C. Chanler, Corporation Counsel* (*Stanley Buchsbaum* and *Silas S. Lippman* of counsel), for respondent. The evidence amply establishes a violation of section 163 of the Sanitary Code. (*People* v. *Kibler*, 106 N. Y. 321; *People* v. *Bowen*, 182 N. Y. 1; *People* v. *West*, 106 N. Y. 292; *People [Goldberg]* v. *Reeves, Inc.*, 168 Misc. Rep. 70; *Metropolitan Board of Health* v. *Heister*, 37 N. Y. 661; *People ex rel. Lieberman* v. *Vandecarr*, 175 N. Y. 440; *People ex rel. Knoblauch* v. *Warden*, 216 N. Y. 154; *People* v. *Friedman*, 138 App. Div. 29; 200 N. Y. 591; *People* v. *Lewis*, 138 App. Div. 673; *People* v. *Greenberg*, 134 App. Div. 599; *People* v. *Deber Pastry Mfg. Co.*, 248 App. Div. 571; *People* v. *Sweet Life Food Corp.*, 254 App. Div. 573; *People* v. *Kramer Markets, Inc.*, 254 App. Div. 827.) Section 163 of the Sanitary Code, as interpreted herein, is reasonable. (*People* v. *Girard*, 145 N. Y. 105.)

LOUGHRAN, J. The defendant corporation appeals from the affirmance of a judgment convicting it of a violation of section 163 of the Sanitary Code of the city of New York. The relevant provisions of section 163 are these: " No meat, vegetables or milk not being then healthy, fresh, sound, wholesome or safe for human food * * * shall be brought into the City of New York or held, kept, offered for sale or sold as such food or kept or stored anywhere in the said City * * * Any meat, vegetables or milk packed in cans, the contents of which have become fermented as evidenced by swelling or bulging * * * shall be deemed not healthy, fresh, sound, wholesome or safe for human food. The term ' meat ' as used herein shall include fish, birds, eggs and fowl. The term ' vegetables ' shall include any product, substance or article used as and for human food other than milk or meat."

In a storeroom of defendant's factory an inspector of the Health Department of the city found twelve cans that were swollen and bulging and contained grapes that had become unwholesome. Those cans had been in the storeroom for at least one month. This was the case against the defendant.

The proof in defense was that the defendant was a manufacturer of candy; that it made no use of the foodstuffs kept under lock in its storeroom without first inspecting them, and that any article found on inspection not to be wholesome was put aside for return to the seller. We take it the trial court credited that evidence. Upon adjudging the defendant guilty the court said: " The methods that they follow in this place — of course, it is a high class place according to the president and I assume it is. * * * Even in the best places there are imperfections which develop in the course of doing business."

This commentary, as we understand it, was a finding that the defendant had possession of the cans in good faith and with intent not to use or sell the contents should inspection disclose an unwholesome condition. There was no proof in respect of the time when the grapes had become fermented. Nor was it shown that anything in respect of the time of fermentation could have been validly inferred from the swollen and bulging shape of the cans.

On this record, then, the judgment of guilt must mean that the defendant's mere possession of the containers made it answerable as for a crime once the ensealed grapes became unwholesome. The argument of the Corporation Counsel takes the case that way and, indeed, the broad text of section 163 — that no unwholesome food shall be " kept or stored anywhere in the said City "— appears to go a long distance in that direction. But a penal statute is not necessarily to be liberally applied in all circumstances. " For the rule that penal statutes are to be construed strictly something may be said. When acts are to be made penal and are to be visited with loss or impairment of life, liberty or property, it may well be argued that political liberty requires clear and exact definition of the offense."

(Pound, 21 Harvard Law Rev. 383, 387. See *People* v. *Shakun*, 251 N. Y. 107.) It is our best judgment that no considerations of expediency require such unfairness as would result were section 163 of the Sanitary Code to be so freely construed as to force its application to the facts which in this case were found below. (Cf. *People* v. *Kibler*, 106 N. Y. 321.)

The judgments should be reversed and the information dismissed.

LEHMAN, Ch. J., FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Judgments reversed, etc.