THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ISIDOR
SHIFRIN, Appellant.

Argued October 10, 1950; decided October 20, 1950.

*Samuel Safronoff* and *Sophie Gluck* for appellant. I. " Pigeon feed " is food within the use of the term in subdivision 1 of section 2147 of the Penal Law. (*Union Dairy Co.* v. *United States,* 250 F. 231; *City of Chicago* v. *Arbuckle Bros.,* 344 Ill. 597; *Commission* v. *Pflaum,* 236 Pa. 294; *State* v. *Ohmer,* 34 Mo. App. 124; *Savage* v. *Jones,* 225 U. S. 501; *Jewett Bros. & Jewett* v. *Smail,* 20 S. D. 232; *City of Chicago* v. *Chicago Beverage Co.,* 372 Ill. 33; *Aetna Cas. & Sur. Co.* v. *Kimball,* 206 Iowa 1251; *McCarthy* v. *State,* 170 Wis. 516.) II. Defendant's business being a farmers' market, may sell on Sundays, at any time of the day, merchandise usually sold by them. (Penal Law, § 2147.)

*Frank A. Gulotta, District Attorney* (*Henry P. De Vine* of counsel), for respondent. I. Pigeon feed is not food within the meaning of the word " food " as used in section 2147 of the Penal Law. (*Lindenmuller* v. *People,* 33 Barb. 548; *People* v. *Dunford,* 207 N. Y. 17; *People* v. *Havnor,* 149 N. Y. 195.) II. Defendant's business is not a farmers' market. (*Ketchum* v. *City of Buffalo,* 14 N. Y. 356; *Taggert* v. *City of Detroit,* 71 Mich. 92; *People ex rel. Guernsey* v. *Somers,* 153 App. Div. 623, 208 N. Y. 621; *Dubuc* v. *Lazell, Dalley & Co.,* 182 N. Y. 482; *Young* v. *United States,* 315 U. S. 257; *Ford* v. *Dilley,* 174 Iowa 243.)

*Per Curiam.* Defendant was convicted of selling " a bag of pigeon feed " before 10:00 A.M. on a Sunday, in alleged violation of section 2147 of the Penal Law. That section, which prohibits generally the sale of any property on Sunday, contains, among others, the following exception: " 1. Articles of food may be sold, served, supplied and delivered at any time before ten o'clock in the morning ".

" Food " is uniformly defined by lexicographers as including nutriment for animals as well as humans (see, also, Penal Law, §§ 185, 187). Inasmuch as the Legislature has not limited the word " food " to that meant for human consumption only (as, e.g., Penal Law, § 1760), we may not impute to it an intention

to render the act charged a crime. '' Acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression of the legislative intent to make them criminal. The citizen is entitled to an unequivocal warning before conduct on his part, which is not *malum in se,* can be made the occasion of a deprivation of his liberty or property.'' (*People* v. *Phyfe,* 136 N. Y. 554, 559; *People* v. *Wallace & Co.,* 282 N. Y. 417; *People* v. *Adamkiewicz,* 298 N. Y. 176; *Winters* v. *New York,* 333 U. S. 507, 515–516.)

The judgments should be reversed and the information dismissed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgments reversed, etc.