Arnold Becker, Acting Police Justice.
Salvatore Savarese and Emily Savarese, both of New York City, were walking along Municipal Plaza, in the village of Spring Valley on July 7, 1957, when they were arrested because of the clothes they had on or did not have on. The woman had on a bathing suit, skirt type, with a full bodice, carried a white beach robe, and wore shoes; the man had on swimming trunks commonly known as the “ Bikini ” type and carried a sport shirt, and also was wearing shoes.
Chief Leo Lunney of the Spring Valley police department arrested both of them for violating section 33 of the ordinances of the Village of Spring Valley. The chief did his duty if the ordinance under which he was acting is legal, but the courts, not policemen, determine these matters.
The defendants were arraigned before Arnold Becker, acting police justice, in the Police Court of the Village of Spring Valley, New York; each defendant had the charge read to them, and were advised of their right to counsel, right to an adjournment or right to a trial by jury. They both washed to enter a plea of guilty. The plea of guilty was noted, but judgment was reserved, and pending disposition of the matter bail was set at $10 for each defendant.
Section 33 of the Ordinances of the Village of Spring Valley reads: “ No person over the age of 16 years shall be permitted to appear in bathing costume, shorts or in any other than the customary street attire upon any public street or thoroughfare in the Village of Spring Valley. This section shall not apply to athletic contests for which the Village has issued permits.”
In People v. O’Gorman (274 N. Y. 284, 286-287) the Court of Appeals in a unanimous decision written by Chief Judge Crane, discussing a City of Yonkers ordinance worded similarly to the Spring Valley ordinance said, “ When it comes to the kind and sufficiency of clothes one must wear to appear decently in public we of the law have generally left such matters to the good sense and force of public opinion. The law of the proper thing to do is not written in a book but rules most of our living. To meet the cases of persons who insist upon being conspicuous by exposing too much of their anatomy, it may be reasonable to prescribe that men and women shall cover themselves, at least when on the street. This ordinance in question, however, is not definite or limited; in fact, it is so vague and meaningless as to reach many harmless and insipid foibles. *736 Indecency as commonly understood may "be prohibited, but this ordinance goes too far. No man or woman is obliged to wear the ‘ ordinary street attire ’. People can dress as they please, wear anything, so long as they do not offend public order and decency. * * * The Constitution still leaves some opportunity for people to be foolish if they so desire. * * * The purpose of the ordinance probably is to prevent indecent exposure, such an appearance on the public streets as shocks the moral sensibilities of our communities. The ordinance to be legal should so state or else describe the costume or lack of it which is prohibited. ’ ’
The Village of Spring Valley is surrounded by summer resorts. The main street abounds with individuals in all stages of attire. Many advances have been made with summer wear. The woman of today can choose one-piece swim suits, two-piece swim suits, with or without short or long skirts, shorts with halters, Bermuda shorts and blouses, peddle pushers, or any variation. Which garment is prohibited?
It must be one that shocks the moral sensibilities of our community.
Men may wear boxer swim trunks, “ Bikini ” tights, Bermuda shorts, walking shorts, all with or without a shirt. Which garment shocks the moral sensibilities of our community?
In both cases the ordinance should describe, specifically, the' costume or lack of it which is prohibited. The use of the words, “ bathing costume ” or “ shorts ” is not specific enough. Today we have too many borderline variations.
In People v. Shifrin (301 N. Y. 445, 447) the Court of Appeals in another unanimous opinion said, ‘ ‘ ‘ Acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression of the legislative intent to make them criminal. The citizen is entitled to an unequivocal warning before conduct on his part, which is malum in se, can be made the occasion of a deprivation of his liberty or property. ’ ” (People v. Phyfe, 136 N. Y. 554, 559; People v. Wallace & Co., 282 N. Y. 417; People v. Adamkiewicz, 298 N. Y. 176; Winters v. New York, 333 U. S. 507, 515-516.)
Section 33 of the Village Ordinances of the Village of Spring-Valley sets no specific standards of conduct by which a defendant is enabled to judge in advance whether a given act is an offense, and the section further creates a situation where the same act may be deemed an offense by one police officer and innocent by another; where the same act may be declared an offense by one court and innocent by another.
*737 In my opinion, section 33 of the Ordinances of the Village of Spring Valley, under which the instant prosecution was had is too vague and indefinite to be enforced and is unconstitutional; a violation of its prohibitions does not constitute an offense.
As to each defendant the plea of guilty is refused, a judgment of not guilty is hereby directed in their favor; both informations are dismissed; and the bail of $10 each, shall be remitted to the defendants.
It is so ordered.