VIOLET DYE, appellee, v. JEAN ALICE ANN MARKEY, administratrix of estate of James E. Shearer, deceased, appellant.

No. 52301.

DECEMBER 13, 1966.

Brierly, McCall & Girdner, of Newton, for appellant.

Tom Hyland, of Des Moines, for appellee.

STUART, J.—██ The sole question before us here is whether plaintiff's cause of action against decedent's estate is barred by the statute of limitations because she failed to file a duplicate proof of service of the original notice of the separate action in the estate within the six-month period for filing claims as provided in sections 410 and 415, Iowa Probate Code. The trial court held the statute was directory only and that the action was not barred. We affirm.

On February 1, 1964, plaintiff was injured in an automobile accident which occurred while she was riding as a passenger in a car driven by deceased. Deceased apparently died as a result of the accident as his estate was opened February 6, 1964. The second notice to creditors was published February 17, 1964. On July 18, 1964, decedent's personal representative was served with notice of plaintiff's action for damages against the estate allegedly resulting from injuries sustained as a result of deceased's recklessness. Defendant appeared generally on August 17, the last day for filing claims. A duplicate proof of service of the original notice of the separate action was filed in decedent's estate September 4, 1964. Defendant's answer, filed October 27, claimed, among other things, that the action was barred because the duplicate proof of service was not filed within the six-month period for filing claims in accordance with sections 410 and 415, Iowa Probate Code.

The pertinent part of section 415, chapter 326, Laws of the Sixtieth General Assembly, provided:

"A separate action based on a debt or other liability of the decedent may be commenced against the personal representative of the decedent in lieu of filing a claim in the estate. Such an action shall be commenced by serving an original notice on the personal representative *and filing a duplicate of the proof of service of notice of such proceeding in the probate proceedings* within the time provided for filing claims in section four hundred ten (410), and such action shall also be considered a claim filed against the estate. * * *."

On a motion to adjudicate lawpoints, the trial court held this provision of the statute was directory only and that failure to comply with such provision did not constitute a bar to the action. We granted an interlocutory appeal.

The duplicate proof of service was filed after the time for filing claims had expired. If the italicized portion of section 415 was mandatory, it was jurisdictional and the cause of action would be barred. In determining whether statutory provisions are mandatory or directory, as with every other question of statutory construction, our prime object is to ascertain the legislative intent and the ordinary rules of statutory construction apply. 82 C. J. S. 869, 870, Statutes, section 376.

I. In this connection it is significant that the following legislature, the Sixty-first General Assembly, in 1965 deleted the words italicized above from the statute and added the following sentence at the end of the paragraph. "A copy of the proof of service of notice shall be filed in the probate proceedings but shall not be jurisdictional." Section 39, chapter 432, Laws of the Sixty-first General Assembly.

A subsequent amendment to a statute before us for interpretation does not constitute a construction which is binding on us, but should be considered and, depending upon the circumstances, may indicate either an intent to change the existing law or an intent to clarify a doubtful statute. Slutts v. Dana, 138 Iowa 244, 250, 115 N.W. 1115, 1118; Prudential Ins. Co. v. Lowry, 225 Iowa 60, 67–70, 279 N.W. 132; Hansen v. Iowa Em-

ployment Security Commission, 239 Iowa 1139, 1141, 1142, 34 N.W.2d 203. Appellant argues we must assume the legislature, by the amendment, intended to alter the provisions of the Act. This is not necessarily true. This same contention was raised in Rural Independent Sch. Dist. No. Ten v. New Ind. Sch. Dist. of Kelley, 120 Iowa 119, 125, 94 N.W. 284, 286. We said:

"We need not, however, assume to be so ignorant of the methods of legislation as to profess not to know that a statute may be insufficient in its language to carry out the legislative intent, and that when difficulties arise in its interpretation the legislature is likely to change the language so as to make its application clear in other cases, even though the amendment could not be effective as to the case in which the difficulty has arisen. It is quite as likely that the language of the amendment was intended to make the statute correspond to what had previously been supposed or assumed to be the law as that it was thereby intended to change the general intent and purpose of the law."

█ We believe the circumstances here are such that it was quite likely the legislature merely intended to clarify its original intention rather than change the law. Section 415 as originally enacted was included in a complete revision of the probate laws of the state. Chapter 326 covered 92 pages of the Laws of the Sixtieth General Assembly. The amendment to section 415 was included in a bill making many technical corrections to the Probate Code. The corrective Act was 14 pages long and was enacted at the next legislative session. The change was made before a case had arisen requiring construction of the statute. We believe under these circumstances the amendment by the legislature indicates an intention to clarify what it had already said rather than a desire to change a yet untested statute and that the requirement of filing of a duplicate proof of service was intended to be directory only.

II. A second reason for holding the requirement in question to be directory is that it does not involve any of the fundamental elements of jurisdiction. Crane v. Board of Supervisors of Los Angeles County (1936), 17 Cal. App.2d 360, 367, 368,

62 P.2d 189, 193, 194, involved a hearing before the board of supervisors on a petition for a change of school district boundaries. The county superintendent of schools was required to "file said petition with the board of supervisors *accompanied by his recommendation thereon,* * * *." He neglected to file recommendations. The California Supreme Court held it was directory only, saying:

"* * * the controlling principle of construction appears to be to the effect that unless the act or action properly may be regarded as 'of the essence' of the particular object sought to be obtained, or the purpose to be accomplished, the required act or action will be deemed directory only.

"* * * the specified act should be regarded as directory if it is immaterial in that its consequence amounts merely to a matter of form, possible convenience, or to expeditious or orderly 'conduct of business'; and especially so when a failure of performance of such act will result in no injury or prejudice to the substantial rights of interested persons." (Citing cases)

See also Borough of Paramus v. Block 1527, 42 N. J. Super. 369, 126 A.2d 660, 663, 664; Frederick v. Douglas County, 176 Ore. 54, 155 P.2d 925.

The filing of the duplicate proof of service in no way prejudiced the rights of the parties to the lawsuit. The personal representative of the deceased was served with an original notice of the separate action. Such filing was directed so that others interested in the estate would be informed such action was pending. (Bar committee comment, 47 I.C.A. 182) They are not entitled to notice in the action and the filing was for informational purposes only. The change in the statute stating that the provision is not to be jurisdictional indicates the legislature did not consider such persons had a fundamental right to notice.

While we have not prior hereto considered statutory requirements in the language of the above quoted case, our decisions have exhibited a willingness to hold provisions which appear to be mandatory to be directory where the provisions involved are not aimed at the essence of the matter. Wile v. Wright, 32 Iowa 451, 457; Goodrich v. Conrad, 24 Iowa 254–257; Crist v. Tallman, 190 Iowa 1248, 1250, 1251, 179 N.W. 522.

1050

The cases cited by appellee all stand for the general rule that, in the absence of a showing of equitable circumstances, a claim must be filed within the statutory period and that the bar of the statute cannot be avoided by filing a separate action at law after the statutory period has run. Here the action was commenced within the statutory period as authorized by statute. The duplicate proof of service was not filed in the estate until after the statute had run. The case has not yet been tried and no one was, in any way, prejudiced by such late filing.

For the reasons stated, the trial court is affirmed.—Affirmed.

All Justices concur except Thornton, J., not sitting.