286 So.2d 529 (1973)
STATE of Florida, On the Relation of SZABO FOOD SERVICES, INC. OF NORTH CAROLINA, a Foreign Corporation, Relator,
v.
Fred O. DICKINSON, Jr., As Comptroller of the State of Florida, and Department of Revenue, State of Florida, Respondents.
No. 43717.
Supreme Court of Florida.
October 31, 1973.
Rehearing Denied January 9, 1974.
*530 Wade L. Hopping, Tallahassee, for relator.
Larry Levy, Tallahassee, Robert L. Shevin, Atty. Gen., Winifred L. Wentworth and Stephen E. Mitchell, Asst. Attys. Gen., for respondents.
PER CURIAM.
This is an original proceeding in mandamus wherein petitioner seeks to compel respondents to refund $72,270.84, paid to the State in sales tax on the sale of food from vending machines prior to October 1, 1971. An alternative writ was issued, returns were filed, and petitioner has moved for the issuance of a peremptory writ notwithstanding the returns, thereby admitting the well pleaded allegations of the returns. Permenter v. Younan, 159 Fla. 226, 31 So.2d 387 (1947).
Between February 1, 1968 and September 30, 1971 (the tax period involved), the relator (hereinafter referred to as Szabo) was engaged in the business of selling food and drink for human consumption from vending machines at various locations within the State of Florida. During this period, Szabo continuously paid sales taxes to the State in the total amount of $72,270.84 on the sale of food from vending machines in compliance with Fla. Stat. (1969) § 212.05, F.S.A., which imposed a tax on all retail sales of tangible personal property, not exempt. General groceries were exempt from this tax by the provisions of Fla. Stat. (1969) § 212.08(1), F.S.A. This statute granted taxable exceptions over all food and drink which were
(a) served, prepared or sold in or by restaurants, drug stores, lunch counters, cafeterias, hotels or other like places of business; or
(b) by any business or place required by law to be licensed by the Division of Hotels and Restaurants of the Department of Business Regulations; or
(c) sold ready for immediate consumption from push-carts, motor vehicles, or any other form of vehicle; or
(d) soft drinks or foods cooked and prepared by grocery stores and similar businesses on their premises and which are sold for immediate consumption, either on or off the premises.
The respondents, Comptroller and the Department of Revenue, pursuant to statutory authority in Fla. Stat. (1969) §§ 212.17(6) and 212.18(2), F.S.A., formulated rules and regulations implementing the sales and use tax law. Under these rules and regulations, Szabo was required to pay a tax on sales made through his vending machines.
In 1971, the Legislature amended Fla. Stat. § 212.08(1)(b), F.S.A. (Laws of Florida, Ch. 71-360, § 7). The amendment contained a provision that "foods and drinks sold ready for immediate consumption from vending machines" would be an exception to the general exemption from taxation of food and drink for human consumption. In other words, the statute was amended so as to specifically provide that food and drink sold for immediate consumption from vending machines should not be considered as being exempt from the sales tax. This statute provided that the tax imposed on coin-operated vending machines and cable television shall take effect on October 1, 1971.
When Szabo discovered the enactment of Ch. 71-360, he immediately demanded a refund, asserting that such sales were not taxable prior to the enactment of Laws of Florida, Ch. 71-360.
Exemptions to taxing statutes are special favors granted by the Legislature *531 and are to be strictly construed against the taxpayer. Green v. City of Pensacola, 126 So.2d 566, 569 (Fla. 1961); State v. Thompson, 101 So.2d 381, 386 (Fla. 1958). Thus, if Szabo is to escape the tax that was levied on others engaging in the sale of prepared foods for immediate consumption, he must clearly show that vending machines fall within the exemption, with any doubt being resolved in favor of the State. See United States Gypsum Co. v. Green, 110 So.2d 409, 413 (Fla. 1959).
The administrative rules interpreting the sales and use tax statute, although made by an extra-judicial body, should be accorded considerable persuasive force before any court called upon to interpret the statute. Courts generally will not depart from such construction unless it is clearly erroneous or unauthorized. Gay v. Canada Dry Bottling Co. of Florida, 59 So.2d 788, 790 (Fla. 1952); L.B. Smith Aircraft Corp. v. Green, 94 So. 832, 835 (Fla. 1957).
The Legislature expressed its purpose in Fla. Stat. (1969) § 212.21, F.S.A., when it was declared to be the specific legislative intent to tax each and every sale except such sale "as shall be specifically exempted therefrom by this chapter." In light of this expressed intent, the determination by the Comptroller and the Department of Revenue in the rules and regulations was not clearly erroneous.
When the Legislature reenacts a statute, it is presumed to know and adopt the construction placed thereon by the State tax administrators. Barr v. Delta and Pine Lane Company, 199 So.2d 269, 271 (Miss. 1967); National Lead Co. v. United States, 252 U.S. 140, 147, 40 S.Ct. 237, 64 L.Ed. 496 (1920). The mere change of language does not necessarily indicate an intent to change the law for the intent may be to clarify what was doubtful and to safeguard against misapprehension as to existing law. Helvering v. New York Trust Co., 292 U.S. 455, 468, 54 S.Ct. 806, 810, 78 L.Ed. 1361 (1934). The language of the amendment in 1971 was intended to make the statute correspond to what had previously been supposed or assumed to be the law. The circumstances here are such that the Legislature merely intended to clarify its original intention rather than change the law. It should be noted that this change was made before a case had arisen requiring a construction of the statute. See Dye v. Markey, 259 Iowa 1045, 147 N.W.2d 42 (1966).
A more important circumstance shedding light on the legislative intent is the title to Laws of Florida, Ch. 71-360, as the title may be considered in an effort to aid interpretation. Foley v. State, 50 So.2d 179, 184 (Fla. 1951). The title to Ch. 71-360 plainly shows that vending machines were not mentioned:
"AN ACT relating to sales and use taxes; amending chapter 212, Florida Statutes, to eliminate partial tax exemptions on vehicles, industrial machinery and commercial fishing vessels; to extend taxation to cable television, isolated sales of registered or titled vehicles and boats, fuels and other industrial materials immediately dissipated, ornamental nursery stock, electrical transmission and distribution equipment, and vehicles purchased by rental car companies; to exempt the sale or lease of seeing-eye dogs; to improve administration; providing an effective date." (Emphasis supplied.)
Vending machines are not listed under either the elimination of exemptions or the extension of taxation to new subjects. A new tax not mentioned in the title is unconstitutional and invalid. Mayo v. National Truck Brookers, Inc., 220 So.2d 11, 12 (Fla. 1969). To adopt Szabo's contention would be to imply the use of an unconstitutional procedure by the Legislature. Vending machines were excluded from the title because the Legislature was fully cognizant of the fact that the Act did not impose a new tax on vending machine sales and that they considered Fla. Stat. § 212.08(1), F.S.A., as it existed prior to October *532 1, 1971, as taxing the sale of food and drink from vending machines.
The sales tax imposed by Fla. Stat., Ch. 212, F.S.A., requires that such tax be collected from the purchaser or consumer. Szabo is a seller and was required to collect the tax from the purchaser or consumer. Fla. Stat. (1969) § 212.07(1), F.S.A. This statute requires the dealer, as far as practicable, to add the tax to the selling price and make the tax a part of the purchase price. Thus, the price including the tax constitutes a debt from the purchaser or consumer to the dealer until it is paid.
From the face of the petition, it appears that Szabo has collected the tax from the purchaser or consumer. In order for Szabo to have complied with the statute, the selling price of the food and drink would have had to have been adjusted so as to include the tax required by law to be passed on to the consumers or purchasers.
Apparently, Szabo bore no tax liability and the $72,270.84 represents the amount paid by the purchaser or consumer.
One who does not himself bear the financial burden of a wrongfully extracted tax suffers no loss or injury, and accordingly, would not have standing to demand a refund. There being no clear legal right to a clear legal duty, mandamus will not lie. State ex rel. Harrington v. City of Pompano, 136 Fla. 730, 188 So. 610 (Fla. 1938). See also Garvin v. Baker, 59 So.2d 360 (Fla. 1952).
Accordingly, the motion for peremptory writ, notwithstanding the returns, is denied and the alternative writ is discharged.
It is so ordered.
CARLTON, C.J., and ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.