Larry N. MOSER, Appellee,

v.

John W. BROWN and Rita E. Farmer, Executors of the Estate of George Brown, Deceased, Appellants.

No. 2–57856.

Supreme Court of Iowa.

Jan. 19, 1977.

Schuster & Clefisch, Guttenberg, and Hart & Hart, Elkader, for appellants.

Kathleen M. Neylan, and Kevin C. Neylan, Elkader, for appellee.

Heard before MOORE, C. J., and MASON, UHLENHOPP, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

This is an appeal by the defendants following a plaintiff's verdict in an action for personal injuries resulting from an automobile accident. Defendants present six assignments of error. Each assignment is controlled by well settled principles of law. We affirm the trial court.

On October 8, 1971 Larry Moser (Moser) filed an action against George Brown (Brown) seeking damages of $32,900 for personal injuries and for damages to his automobile. The claim arose from an automobile accident which occurred May 25, 1971. On November 14, 1971 Brown died testate. On November 17, 1971 Brown's attorney, James Hart, filed an appearance on Brown's behalf. On November 18, 1971 Brown's estate was opened. John Brown and Rita Farmer qualified as executors. On November 24, 1971 James Hart filed an answer which amounted to a general denial with certain affirmative defenses.

On December 1, 1971 the second publication of notice of administration and notice to creditors was published. On February 2, 1972 Moser filed an application to substitute the executors of the George Brown estate as parties defendant. The order of substitution was entered February 4, 1972.

On April 26, 1972 an original notice naming John Brown and Rita Farmer, executors, as defendants was served on Rita Farmer. A copy of Moser's petition and the order of substitution were attached to the original notice. On May 8, 1972 James Hart entered a general appearance on behalf of both executors. He adopted the answer previously filed by him on November 24, 1971.

On May 25, 1973 the George Brown estate was closed. On August 22, 1973 defendants filed a motion to dismiss. On September 13, 1973 Moser filed a petition to reopen the George Brown estate. The motion to dismiss was overruled and the motion to reopen the estate was sustained. On February 21, 1974 the district court ordered the executors reappointed for the purpose of defending this action. This appeal follows a jury verdict of $30,000.

■ I. Defendants' first assignment is a claim the action was barred by expiration of the period of limitations governing claims against estates. No claim by the plaintiff was ever filed in Brown's estate. Under § 633.410, The Code, unless a claim is filed within six months of the second notice to creditors, the claim is forever barred. The only exceptions provided by § 633.410 are in case of a waiver by the personal representative or in peculiar circumstances which entitle a claimant to equitable relief. Neither exception is applicable in the present case.

This action however falls within the ambit of another statute because it was pending against the decedent at the time of his death. Section 633.415, The Code, provides in material part:

"Any action pending against the decedent at the time of his death that survives, shall also be considered a claim filed against the estate if notice of substitution is served upon the personal representative as defendant within the time provided for filing claims in section 633.410; * * *."

Moser's service on Rita Farmer was timely. The second notice to creditors was December 1, 1971. Farmer was served on April 26, 1972. Under § 633.79, The Code, service upon one of several fiduciaries is considered service upon all. Farmer was served with notice of substitution naming her and John Brown as executors. The notice complied with the trial court's order of substitution and with rule 21, Rules of Civil Procedure.

Under our holding in *Dye v. Markey,* 259 Iowa 1045, 1048–1050, 147 N.W.2d 42, 44–45 (1966) the filing of proof of service in the estate is directory and not mandatory. See also § 633.415; *In re Estate of Lee,* 240 Iowa 691, 693, 37 N.W.2d 296, 297 (1949). Defendants' first assignment is without merit.

II. Defendants contend the reopening of the George Brown estate was ineffective and void because it was made without the notice contemplated in § 633.489, The Code. Moser received no notice of the closing of Brown's estate. His claim was therefore unaffected by that closing unless he was not entitled to notice. See § 633.-478, The Code. As pointed out in division I of this opinion Moser's failure to file a copy of proof of service upon Rita Farmer in the Brown estate was not jurisdictional. Moser was an interested party and was entitled to notice of the closing. See § 633.478. Since Moser received no notice he had five years from the date of the closing to petition for reopening. Section 633.488, The Code.

The trial court was correct in ruling: (1) Brown's estate was properly reopened, (2)

John Brown and Rita Farmer were properly reappointed personal representatives, (3) Moser's claim was not barred by the earlier closing of Brown's estate. The trial court was correct in allowing Moser to pursue his cause of action against John Brown and Rita Farmer as fiduciaries. Defendants' second assignment is without merit.

III. Defendants' third assignment is a claim the trial court erred in allowing Moser to ask a question relating to insurance at a time on voir dire other than the time previously fixed by the trial court for such a question. The trial court ordered that one specific insurance question could be asked the entire jury panel at the conclusion of Moser's voir dire examination. Moser completed his voir dire examination and passed the prospective jurors for cause without asking the question. Subsequently the trial court, over defendants' objection, granted Moser permission to reopen his voir dire examination to ask the question.

It was entirely within the trial court's discretion to allow reopening. We interfere only where an abuse of that discretion is clearly shown. *State v. Menke,* 227 N.W.2d 184, 187 (Iowa 1975); *Wilson v. Ceretti,* 210 N.W.2d 643, 644–645 (Iowa 1973); *Anderson v. City of Council Bluffs,* 195 N.W.2d 373, 377 (Iowa 1972). There was no abuse here.

Defendants' third assignment is without merit.

IV. The trial court allowed Moser to amend his petition by increasing his demand for damages from $32,900 to $50,-000 on the first day of trial. In their fourth assignment defendants challenge the trial court's ruling allowing the amendment. The matter was likewise entirely within the trial court's discretion. We interfere only where an abuse of that discretion is clearly shown. *Ackerman v. Lauver,* 242 N.W.2d 342, 345 (Iowa 1976); *Atlantic Veneer Corp. v. Sears,* 232 N.W.2d 499, 503 (Iowa 1975); *Mora v. Savereid,* 222 N.W.2d 417, 422 (Iowa 1974). See also rule 88, R.C.P. The trial court did not abuse its discretion.

Defendants' fourth assignment is without merit.

V. Defendants' fifth assignment is a claim the verdict was not supported by the evidence. On appeal from a judgment on a jury's verdict for plaintiff we view the evidence in the light most favorable to the verdict and consider only favorable evidence whether contradicted or not. *Olsen v. Drahos*, 229 N.W.2d 741, 742–743 (Iowa 1975); *Turner v. Jones*, 215 N.W.2d 289, 292 (Iowa 1974).

Moser himself testified: (1) since the accident he suffered pain while working, (2) he suffered sharp pains in the back, a stiffness in the neck, and numbness in the arms, none of which existed before the accident, (3) his back discomfort prevented him from doing certain things he was able to do before the accident. Medical experts testified Moser received an injury they defined as a violent "traumatic insult" to the tissues involved in the neck and spine. The testimony indicated Moser still suffered pain from and was still affected by the injuries at the time of trial. The testimony also indicated Moser would continue to suffer pain from and be affected by the injuries. There was sufficient evidentiary support for the verdict.

Defendants' fifth assignment is without merit.

VI. Defendants' final assignment challenges the trial court's refusal to mention in its instructions specific dollar amounts for various items of damage. Defendants believe the trial court should have specifically mentioned in its damages instruction the amount of plaintiff's medical bills, the amount of plaintiff's lost earnings, and the damages to plaintiff's automobile since these amounts were not in serious dispute. Defendants believe such specific mention would have prevented jury speculation. Defendants argue the amounts were so small they tended to prove plaintiff had not been injured or damaged to the extent claimed.

The trial court was careful in the damages instruction to inform the jury they could allow for any such items only the amount shown by the evidence.

An overriding consideration is the well established principle that, so long as issues are covered by the instructions, a trial court is free to choose its own language and need not couch instructions in terms suggested by the parties. *Wong v. Waterloo Community School District*, 232 N.W.2d 865, 870 (Iowa 1975). We have held a trial court must submit to the jury only issues raised by both pleadings and proof. *Pfeiffer v. Weiland*, 226 N.W.2d 218, 225 (Iowa 1975).

Prior to trial Moser amended the petition deleting the specific amounts of damage claimed for lost wages, medical expenses, and damages to his automobile. Defendants never stipulated or conceded the amounts of these items. Accordingly in the instant case there were no judicial admissions as to the amounts in question. See McCormick on Evidence, Second Ed., § 262, p. 630.

It is well settled the finder of facts is not bound to accept testimony as true because it is not contradicted. *Laing v. State Farm Fire & Cas. Co.*, 236 N.W.2d 317, 320 (Iowa 1975); *In re Marriage of Boyd*, 200 N.W.2d 845, 851–852, 55 A.L.R.3d 570, 577 (Iowa 1972); *Schmitt v. Jenkins Truck Lines, Inc.*, 170 N.W.2d 632, 643 (Iowa 1969).

Under the record we are left with items for which no specific claims were made in the pleadings and upon which there were no admissions as to amount. The trial court did not err in refusing to mention the amounts in its instructions. Defendants' final assignment is without merit.

As none of defendants' assignments are found to be with merit the judgment of the trial court is

AFFIRMED.