269 N.W.2d 430 (1978)
Rolland KNIGHT, Gary Thompson, Lou McCullough, John Mahlstede, Warren R. Madden, Denise Sofranko, John Arends, Donald A. Morris, Ralph Olsen, Ray Hagie, Roy F. Keller, Dahlia Stockdale, Ross A. Engel, Tracy L. Clark, Harold A. Cowles, and Gene A. Futrell, Plaintiffs,
v.
IOWA DISTRICT COURT OF STORY COUNTY, Glenn C. Sedgwick, Magistrate, Defendant.
No. 60980.
Supreme Court of Iowa.
August 30, 1978.
*431 Donald L. Smith, of Smith, Nutty, Sharp & Ruigh, Ames, for plaintiffs.
Ruth R. Harkin, County Atty., for defendant.
Considered en banc.[*]
REYNOLDSON, Chief Justice.
This original certiorari proceeding requires us to determine, as a matter of first impression, whether our current open meetings law, ch. 28A, The Code 1977, is unconstitutionally vague and therefore cannot support pending criminal prosecutions against these plaintiffs.
Plaintiffs are members of the Iowa State University athletic counsel. By separate information each was charged with "holding a closed meeting of the Iowa State University Athletic Council for that * * * said defendant did unlawfully participate in a closed meeting of the Iowa State University Athletic Council at 1:30 p. m. in the Ralph Olsen Building at the Iowa State University Campus contrary to the statutes in such case made and provided by Section 28A.8 * * *"
*432 Plaintiffs filed a joint demurrer alleging (1) the informations failed to state acts constituting a public offense, and (2) ch. 28A is unconstitutionally vague. Trial court overruled the demurrer. We granted plaintiffs' petition for certiorari and stayed the prosecutions. We now sustain the writ.
I. After reviewing the merits of the other issues presented, we are satisfied the constitutional issue must be reached. The enactment involved here, with amendments not material to this case, is the same as that fully set out in Dobrovolny v. Reinhardt, 173 N.W.2d 837, 839-40 (Iowa 1970). The court is persuaded it is unconstitutionally vague in violation of the due process clause, U.S.Const. amend. XIV; Iowa Const. art. I, § 9, and its criminal provisions cannot be enforced.
When criminal prosecutions of individual council members are involved, our study of Iowa's current open meetings law proceeds from different principles than those previously applied in civil litigation relating to the duties of a public agency under this enactment.
In prior civil cases we noted open meeting statutes are enacted to prohibit secret sessions of public bodies, to require such meetings to be open and to permit the public to be present, unless the statutory exceptions apply. Greene v. Athletic Council of Iowa State U., 251 N.W.2d 559, 560 (Iowa 1977); Dobrovolny v. Reinhardt, 173 N.W.2d at 840-41. Thus, we held this chapter should be accorded a liberal construction favorable to the public. Greene, 251 N.W.2d at 560.
But an act penal in nature, generally one which imposes punishment for an offense committed against the state, is interpreted strictly. State ex rel. Turner v. Koscot Interplanetary, Inc., 191 N.W.2d 624, 629 (Iowa 1971). Doubts are resolved in favor of the accused. State v. Lawr, 263 N.W.2d 747, 750 (Iowa 1978). It follows that in these criminal prosecutions based on the § 28A.8 criminal sanction, strict construction is appropriate. Koscot Interplanetary, 191 N.W.2d at 629. In the context of a vagueness challenge, this means the standard of certainty required by due process is significantly higher than in those situations involving civil remedies. See Winters v. New York, 333 U.S. 507, 515, 68 S.Ct. 665, 670, 92 L.Ed.2d 840, 849 (1948). Additional standards also, are invoked.
Viewed as a penal enactment under which individuals are to be prosecuted, chapter 28A must satisfy two specific standards: (1) It must give a person of ordinary intelligence fair warning of what is prohibited, and (2) it must provide explicit standards for those who enforce it. State v. Wehde, 258 N.W.2d 347, 350 (Iowa 1977), citing Grayned v. City of Rockford, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 2298-99, 33 L.Ed.2d 222, 227-28 (1972). See also Buckley v. Valeo, 424 U.S. 1, 77, 96 S.Ct. 612, 662, 46 L.Ed.2d 659, 721 (1976); State v. Jaeger, 249 N.W.2d 688, 691 (Iowa 1977); State v. Williams, 238 N.W.2d 302, 307 (Iowa 1976).
Nonetheless, plaintiffs have a relatively heavy burden. Literal exactitude or precision is not necessary. Due process requires no more than a reasonably ascertainable standard of conduct. United States v. Powell, 423 U.S. 87, 93-94, 96 S.Ct. 316, 320-21, 46 L.Ed.2d 228, 234-35 (1975); Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 340, 72 S.Ct. 329, 330-31, 96 L.Ed. 367, 371 (1952).
If the statute's meaning is fairly ascertainable by reliance on generally accepted and common meaning of words used, or by reference to the dictionary, related or similar statutes, the common law, or previous judicial constructions, due process is satisfied. State v. Donner, 243 N.W.2d 850, 853 (Iowa 1976); State v. Kueny, 215 N.W.2d 215, 217 (Iowa 1974). If vagueness can be avoided by a reasonable construction, consistent with the statute's purpose and traditional restraints against judicial legislation, we are duty bound to give chapter 28A that interpretation. See Buckley v. Valeo, 424 U.S. at 77-78, 96 S.Ct. at 662-63, 46 L.Ed.2d at 721; Williams, 238 N.W.2d at 306-07.
*433 Plaintiffs assert chapter 28A nowhere describes, defines, or specifies what individual conduct is illegal. Although § 28A.1 expressly prohibits "meetings of any public agency which are not open to the public," there is no indication how an individual violates this provision.
In the criminal cases below these plaintiffs were charged with "participating" in a closed meeting of the council. But "participation" is neither mentioned nor defined in chapter 28A. Obviously, participatory conduct could run the gamut from an active instigation of a closed meeting to reluctant presence after objecting to or voting against a secret session. By reading chapter 28A no individual would know when, if ever, his or her involvement with a prohibited meeting becomes a criminal act.
II. Our efforts to salvage the penal provisions of this enactment by recourse to those extrinsic sources mentioned above have been unsuccessful.
The common law offers no guidance because these "sunshine" laws are creatures of recent statutes. Historically, the acts involved here were devoid of immoral or antisocial connotations. Thus the malum prohibitum nature of § 28A.8 makes it even more essential that the acts made criminal be delineated clearly and unequivocally. Lever Brothers Co. v. Erbe, 249 Iowa 454, 468, 87 N.W.2d 469, 478 (1958); People v. Shifrin, 301 N.Y. 445, 446-47, 94 N.E.2d 724, 725 (1950).
Our three previous decisions relating to ch. 28A provide little assistance as none involved a criminal prosecution. See Greene, 251 N.W.2d at 559; Anti-Administration Ass'n v. North Fayette County Community School Dist., 206 N.W.2d 723 (Iowa 1973); Dobrovolny, 173 N.W.2d at 837.
We have examined the open meeting statutes of the other forty-nine states, District of Columbia and federal government. Twenty-one of these besides Iowa contain penal sanctions aimed at individual conduct. Many are similar to Iowa's § 28A.8 and provide no guidelines to aid in identifying what individual conduct is proscribed.
The specificity of statutes of certain other states merely points up the inherent lack of legislative direction in Iowa's current open meetings law. For example, in Alabama "[a]ny person who remains in attendance upon any meeting * * * which is being held in secret or executive session shall be deemed guilty of violating the provisions of * * * [section 13-5-1, Alabama Code (1977)]." But in New Jersey a member of a public body who believes a meeting is being held in violation of the open meetings law and who so states and has his or her reasons recorded in the minutes may, these objections being overruled by the majority of those members present, "continue to participate at such meeting without penalty." N.J.S.A. 10:4-17 (1976).
Further, none of these penal statutes which are similar to our enactment has received a helpful judicial interpretation. We have found only two reported cases involving criminal prosecutions for an open meetings law violation. In Wolfson v. State, 344 So.2d 611 (Fla.App.1977), the court held an indictment charging a violation of § 286.011, Fla.Stat. (1975), should not have been dismissed. Section 286.011 is more like Alabama's law than our § 28A.8. Woodcock v. Calabrese, 148 N.J.Super. 526, 372 A.2d 1178 (Dist.Ct.1977), involved a summary proceeding for collection of fines for "knowing" violations of N.J.S.A. 10:4-6 et seq. The court dismissed the complaint but the opinion did not turn on the issue of unconstitutional vagueness. Nor does it provide any helpful interpretation of the New Jersey statute.
Finally, we have considered Iowa's new open meetings law, House File 2074, Iowa Legis.Serv. 230 (1978), effective January 1, 1979. Section 7.3 of this revision assesses damages against "each member of the governmental body who participated in [the act's ] violation." It then excepts those members who prove they voted against the closed session, or who had a good faith belief or reasonably relied upon an attorney's opinion or judicial decision that the meeting was legal.
*434 Depending on the circumstances, such statutory revisions may indicate either a marked change in Iowa law or merely a clarification of existing law. Dye v. Markey, 259 Iowa 1045, 1047-48, 147 N.W.2d 42, 43-44 (1966); see State ex rel. Clemens v. ToNeCa, Inc., 265 N.W.2d 909, 913 (Iowa 1978); 2A Sutherland, Statutory Construction § 49 11 (rev. 3d ed. 1973). However, even if we were to view the new law as merely a clarification of the old, such clarification, occurring as it did after the alleged meeting in this case, could not have provided notice to plaintiffs of what individual conduct ch. 28A prohibited or commanded.
We need not treat here plaintiffs' contention the new act provides evidence the legislature recognized the constitutional infirmities in the penal sanctions of chapter 28A. Nor do we pass on the constitutionality of the new enactment, a question not now before us.
In summary, we find no extrinsic aids of sufficient dimensions to mend the gap in § 28A.8. That section does not rise to the permissible level of a generally drawn statute which necessarily leaves some definitional decisions concerning coverage to those potentially regulated. Chapter 28A makes no reference to individual conduct. It does not "sufficiently specify what those within its reach must do in order to comply." Hynes v. Mayor of Oradell, 425 U.S. 610, 621, 96 S.Ct. 1755, 1761, 48 L.Ed.2d 243, 253 (1976). It violates the vagueness standards referred to above and resultantly deprives plaintiffs of due process.
III. Our above view makes it unnecessary to consider other vagueness issues plaintiffs raise. Defendant proceeded illegally in overruling plaintiffs' demurrer. The writ is sustained and the cause is remanded with directions to dismiss the criminal cases.
WRIT SUSTAINED, REMANDED WITH DIRECTIONS.
All Justices concur except ALLBEE and McGIVERIN, JJ., who take no part.
NOTES
[*] Mason, J., serving after June 14, 1978, by special assignment.