716 So.2d 332 (1998)
Dwayne Lamar JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03760.
District Court of Appeal of Florida, Second District.
August 21, 1998.
M.D. Purcell, Jr., Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Dwayne Lamar Johnson appeals the trial court's order classifying him as a sexual predator pursuant to section 775.21-23, Florida Statutes (1993), the Sexual Predators Act ("Act"). We affirm because the attempted sexual battery to which Mr. Johnson pleaded guilty was a first-degree felony.
Mr. Johnson was originally charged with one count of lewd and lascivious act upon a child and four counts of capital sexual battery. On October 31, 1995, he pleaded guilty to one count of lewd and lascivious act upon a child in violation of section 800.04, Florida Statutes (1993), and two counts of attempted sexual battery on children under twelve years of age. On July 31, 1996, the State filed a motion for a written finding of sexual predator status based on the convictions for *333 attempted sexual battery.[1] On August 20, 1996, the trial court granted the State's request and classified Mr. Johnson as a sexual predator.
Mr. Johnson argues that the Sexual Predators Act should not apply in his case because he was adjudicated guilty of attempted sexual battery, and not a completed offense.[2] We disagree. The legislature made no distinction between attempted and completed offenses in the Act. Instead, section 775.23(2)(a) defines a sexual predator as an offender who is convicted of, or pleads nolo contendere or guilty to, any capital, life, or first-degree felony violation of chapter 794 or section 847.0145, Florida Statutes (1993). Attempted capital sexual battery is a firstdegree felony. See §§ 777.04(4)(c), 794.011(2)(a), Fla. Stat. (1993). Although chapter 777 defines the offense of criminal attempt, that chapter acts in conjunction with other statutes to create criminal offenses. We conclude that the role of chapter 777 does not prevent attempted capital sexual battery from being a "violation of chapter 794" for purposes of the Act.
We note that the Sexual Predators Act was revised once again by the 1998 legislature. See ch. 98-81, Laws of Fla. (1998). The legislature added attempt to commit a capital, life, or first-degree felony violation of the sexual battery chapter to the list of qualifying offenses. See ch. 98-81, § 3, Laws of Fla. (1998). We conclude that this amendment merely expresses what had previously been the legislature's clear intent. See State ex rel. Szabo Food Servs., Inc. v. Dickinson, 286 So.2d 529, 531 (Fla.1973). Even if we assume that this statute must be given a strict construction in favor of the defendant, we are not required to interpret the statute "so strictly as to emasculate the statute and defeat the obvious intention of the legislature." State v. Brigham, 694 So.2d 793, 798 (Fla. 2d DCA 1997) (citing State ex rel. Washington v. Rivkind, 350 So.2d 575, 577 (Fla. 3d DCA 1977)). A conviction for capital sexual battery has long resulted in a life sentence and, since October 1, 1995, results in a sentence of life without possibility of parole. See, e.g., § 775.082(1), Fla. Stat. (1995). The express legislative intent of the Sexual Predators Act is to protect children from predators who are released from prison. See § 775.21(3). Thus, the act has little, if any, practical effect for prisoners convicted of capital sexual battery because such offenders will spend all or most of their lives in prison. It is obvious that the legislature has always intended for the Sexual Predators Act to apply to persons convicted of attempted capital sexual battery because such offenders are not subject to life imprisonment and are released into the community despite the threat that they pose to children.
Affirmed.
PARKER, C.J., and GREEN, J., concur.
NOTES
[1] Because Mr. Johnson has no prior record, he cannot be classified as a sexual predator based on his violation of section 800.04. See § 775.22(2)(b), Fla. Stat. (1993).
[2] Mr. Johnson makes two additional arguments related to the Sexual Predators Act. We do not address these issues because they have been previously addressed in Collie v. State, 710 So.2d 1000 (Fla. 2d DCA 1998).