844 So.2d 826 (2003)
Francis Michael NICHOLAS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1898.
District Court of Appeal of Florida, Fifth District.
May 16, 2003.
Francis Michael Nicholas, Malone, Pro Se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Bonnie Jean Parrish. Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
Francis Michael Nicholas appeals the written order of the trial court finding that he is a sexual predator. As he was denied a hearing on this issue, we reverse.
Nicholas pled no contest to a single count of lewd and lascivious assault on a child under 16 in violation of section 800.04, Florida Statutes (2001), and was sentenced to prison, followed by probation. Upon release from prison, Nicholas violated probation and was sentenced to an additional prison term. About two months later, the State filed a motion with the trial court requesting written findings that Nicholas is a sexual predator. The following day and without a hearing or notice to *827 Nicholas, the trial court executed a written order finding Nicholas to be a sexual predator.
Section 775.21(4)(a)1, Florida Statutes (2001), provides that when the violation of § 800.04 is a second-degree felony, the defendant must have a previous conviction of certain enumerated offenses in order for the sexual predator designation to apply. See Garcia v. State, 827 So.2d 1102 (Fla. 2d DCA 2002). Moreover, if the defendant has a qualifying previous conviction, the defendant must not have been pardoned or the conviction set aside.
Nicholas asserts in this appeal, and his sentencing scoresheet appears to support him, that he has no qualifying prior convictions. He has not had the opportunity to assert this position in the trial court because he had no notice of the motion seeking sexual predator designation, and the designation was made without a hearing. In addition, nothing in the record reflects that the trial court made a determination regarding whether Nicholas had any qualifying previous convictions. If, indeed, he has no such qualifying offenses in his history, then Nicholas is not eligible for the designation, and it should be removed. See Johnson v. State, 716 So.2d 332 (Fla. 2d DCA 1998).
We conclude that the designation of Nicholas as a sexual predator must be reversed and remanded for a hearing, upon proper notice, to allow the State to demonstrate by competent evidence that Nicholas is qualified for the designation, and to allow Nicholas to contest that designation.
REVERSED and REMANDED.
PETERSON and ORFINGER, JJ., concur.