FULMER, Judge.
Richard A. Meyers appeals the order designating him as a sexual predator pursuant to section 775.21(4)(a)(l), Florida Statutes (2001). He argues that he did not qualify for sexual predator designation and that the Florida Sexual Predator Act vio *220 lates procedural due process. We agree that Meyers did not qualify for sexual predator designation and reverse.
Meyers was convicted of lewd and lascivious battery, a second-degree felony in violation of section 800.04(4), Florida Statutes (2001). An offender convicted of a violation of section 800.04 as a second-degree felony shall be designated a sexual predator if the offender has previously been convicted of or found to have committed, or pled nolo contendere or guilty to, regardless of adjudication, any of certain statutorily enumerated offenses. § 775.21(4)(a)(1)(b), Fla. Stat. (2001); Garcia v. State, 827 So.2d 1102 (Fla. 2d DCA 2002); Nicholas v. State, 844 So.2d 826 (Fla. 5th DCA 2003). The State admits that Meyers did not have the required previous offense. Therefore, we reverse the trial court’s order and remand with directions to remove the sexual predator designation.
Our reversal of the trial court’s order makes it unnecessary for us to address Meyers’ argument that the Florida Sexual Predator Act violates procedural due process. However, we note that this court has previously held that the Act does not violate procedural due process. See Milks v. State, 848 So.2d 1167 (Fla. 2d DCA 2008), review granted, 859 So.2d 514 (Fla.2003).
Reversed and remanded with directions.
SILBERMAN and KELLY, JJ., Concur.