CANADY, Judge.
In this judgment and sentence appeal, Wilson Lupianez challenges the trial court’s designation of him as a sexual predator pursuant to section 775.21(4)(a)(l), Florida Statutes (2003). Because Lupia-nez did not qualify for sexual predator designation under the pertinent statutory provisions, we reverse the sexual predator designation.
Lupianez pleaded guilty to sexual battery in violation of section 794.011(5), Florida Statutes (2003), a second-degree felony. The trial judge withheld adjudication, designated Lupianez a sexual predator, and sentenced him to five years’ probation subject to sexual predator conditions. The sexual predator designation was made over the objection of counsel for Lupianez.
An offender who violates section 794.011(5) shall be designated a sexual predator if the offender has “previously been convicted of or found to have committed, or has pled nolo contendere or guilty to, regardless of adjudication, any violation of’ certain enumerated statutory offenses. § 775.21(4)(a)(l)(b), Fla. Stat. (2003); see also State v. J.M., 824 So.2d 105, 110 *601 (Fla.2002) (“[I]n cases where the current offense is less serious, the sexual offender can still be designated a sexual predator, if the offender also has prior felonies. See § 775.21(4)(a)l.b., Fla. Stat. (2000).”); Meyers v. State, 884 So.2d 219 (Fla. 2d DCA 2004) (holding that violation of section 800.04(4), Florida Statutes (2001) — a second-degree felony — -did not result in sexual predator designation when defendant had no prior violations).
In this case, Lupianez did not have the required previous offense necessary for the sexual predator designation. The State concedes that the trial court erred. We therefore reverse the trial court’s designation of Lupianez as a sexual predator and remand with directions that the designation be stricken from the judgment and that any conditions of probation based on the designation be stricken from the order placing the defendant on probation.
Sexual predator designation reversed; remanded for further proceedings.
STRINGER and DAVIS, JJ., Concur.