943 So.2d 994 (2006)
William Tyrone EALUM, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-2658.
District Court of Appeal of Florida, First District.
December 12, 2006.
*995 William Tyrone Ealum, pro se, Appellant.
Charlie Crist, Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant appeals the trial court's order designating him a sexual predator. We have jurisdiction to review the trial court's order pursuant to Florida Rule of Appellate Procedure 9.140(b)(1)(D). State v. Robinson, 873 So.2d 1205, 1208-09 (Fla.2004). Because the state properly concedes error, we reverse and remand for further proceedings.
Appellant pled nolo contendere to three counts of lewd or lascivious exhibition, which are second-degree felonies. § 800.04(7), Fla. Stat. (2004). After appellant was adjudicated and sentenced to two years in prison, followed by eight years of probation, the state filed a motion for entry of an order designating appellant a sexual predator, pursuant to section 775.21(4), Florida Statutes (2004). However, the state's motion did not mention whether appellant had any prior convictions. The trial court entered an order the same day as the state's motion, designating appellant a sexual predator.
Where, as here, the violation of section 800.04 is a second-degree felony, appellant must have a prior conviction for one of the crimes specified by the statute before he can be designated a sexual predator. § 775.21(4)(a)1.b, Fla. Stat. (2004). There is no evidence in the record below that appellant had any prior convictions. Appellant argues on appeal that the trial court improperly designated him a sexual predator.
Appellant failed to assert this argument below. However, appellant had no opportunity to assert his position in the trial court because the order of designation was entered the same day that the state's motion was filed. Appellant had no notice of the motion seeking sexual predator designation, and the designation was made without a hearing. Additionally, the trial court never made a determination of whether appellant had prior qualifying convictions. As such, this case is indistinguishable from Nicholas v. State, 844 So.2d 826 (Fla. 5th DCA 2003) (reversing and remanding where the appellant pled no contest to lewd and lascivious assault pursuant to section 800.04, Florida Statutes, a second-degree felony, and the trial court's order designating the appellant a sexual predator was entered without notice and without a hearing, and the appellant argued on appeal that he had no prior qualifying offenses). Because we agree with Nicholas, we reverse the trial court's order *996 designating appellant a sexual predator, and remand for a hearing upon proper notice, allowing the state to demonstrate by competent evidence that appellant is qualified for the designation, and to allow appellant to contest that designation. See id. at 827.
REVERSED and REMANDED with directions.
BARFIELD, PADOVANO and POLSTON, JJ., concur.