IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RALPH FLINT, III,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D17-1212

Opinion filed October 6, 2017.

An appeal from the Circuit Court for Escambia County.
Edward P. Nickinson, Judge.

Ralph Flint, III, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Quentin Humphrey, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

     The appellant appeals the denial of a motion to correct illegal sentence

challenging his designation as a sexual predator. The appellant was convicted of

kidnapping and three counts of sexual battery without force likely to cause serious personal injury. As the State has conceded, the appellant's prior convictions do not qualify him to be designated as a sexual predator. The appellant's kidnapping conviction does not qualify him for designation as a sexual predator because the victim was not a minor. See § 775.21(4)(a)1.a., Fla. Stat. (2010); Maceo v. State, 870 So. 2d 852 (Fla. 3d DCA 2003) (conviction for life felony of armed kidnapping did not qualify him for classification as sexual predator where victim was not a minor). Additionally, the appellant's three convictions for violating section 794.011(5), Florida Statutes (2010), do not qualify as they are second-degree felonies and he does not have any prior enumerated convictions. See § 775.21(4)(a)1.b., Fla. Stat. (2010); Lupianez v. State, 909 So. 2d 600 (Fla. 2d DCA 2005) (holding that an offender who violates section 794.011(5) must have a prior enumerated conviction to qualify as a sexual predator). Accordingly, we reverse the denial of the appellant's motion and remand for the lower court to vacate the order designating him a sexual predator.

REVERSED and REMANDED with directions.

ROBERTS, OSTERHAUS, and M.K. THOMAS, JJ., CONCUR