# Third District Court of Appeal
## State of Florida

Opinion filed April 20, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1882
Lower Tribunal No. 18-2833
_____

**Aersale, Inc., et al.,**
Appellants,

vs.

**Total Air Services, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Moore & Company, P.A., and Michael T. Moore and Clay Naughton, for appellants.

Law Offices of Mark A. Schneider, P.A., and Mark A. Schneider (Ft. Lauderdale), for appellee.

Before FERNANDEZ, C.J., and SCALES and MILLER, JJ.

PER CURIAM.

Appellants Aersale Inc. and Aersale 25417 LLC, the owners, respectively, of two aircraft to which appellee Total Air Services, Inc. provided aviation fuel in 2017, appeal the trial court's final summary judgment validating statutory fuel liens[1] that appellee placed on the two aircraft. We affirm the trial court's detailed and well-reasoned summary judgment order determining that a statutory fuel lien under section 329.41 of the Florida Statutes (2017) is not a "possessory" lien,[2] and that the legislature's 2019 amendment to section 329.41 – expressly stating that a lienor is not required to possess the aircraft in order to perfect a fuel lien – merely clarified existing law and did not substantively change the statute. See Dade Cnty. v. AT & T Info. Sys., 485 So. 2d 1302, 1304-05 (Fla. 3d DCA 1986) ("The amendment of a statute does not necessarily indicate that the legislature intended to change the law. Statutory changes may be designed to clarify what was 'doubtful and to safeguard against misapprehension as

---

[1] Appellee recorded the liens pursuant to section 329.41 of the Florida Statutes. Prior to its amendment in 2019, section 329.41 read as follows: "A person who has furnished fuel to an aircraft has a lien upon the aircraft for any unpaid fuel charges. The lien is enforceable in the same manner as provided in s. 329.51." § 329.41, Fla. Stat. (2017).

[2] A "possessory" lien is one in which the lienor, in order to preserve the lien's validity, must retain possession of personal property upon which the lienor performed labor or services. See J.V. Air Maintenance, Inc. v. Westwind Leasing Corp., 283 So. 3d 379, 380 (Fla. 3d DCA 2019).

to existing law.'" (quoting <u>State ex rel. Szabo Food Servs., Inc. of N.C. v. Dickinson</u>, 286 So. 2d 529, 531 (Fla. 1973))).

Affirmed.